Parsons, C. J.,
recited the substance of the declaration and plea, and added:—Among the causes of demurrer, there are two which go to the substance of the bar, and two which go to the form.
The first cause is, that there is no allegation that the coroner had taken a replevin bond in the form prescribed by law, without which bond the coroner himself could not justify the delivery of the goods; the bar only recites the return, in which he says, “Having taken the bond, which I return,” without adding any description of the bond.
The second cause is, that the plea in bar does not allege that the goods were not detained upon mesne process, &c., as the property of Parker, the plaintiff in replevin.
For each of these causes the plea is bad in substance. A plaintiff in replevin cannot protee* nimself, by the execution of his writ, *274 unless the officer pursue the authority, which he derives only from the writ. The authority to the officer to replevy and [ * 312 ] deliver the goods to the plaintiff is conditional. *The plaintiff must first give him a bond, with sureties, in the penalty,"and with the condition required by the writ. And if the plaintiff give him this bond, yet the goods are irrepleviable, if they are detained as the plaintiff’s on mesne process, warrant of distress, or on execution ; and if the officer should deliver goods so detained, he will be a trespasser, the writ being no justification for him. The defendant, therefore, ought to have alleged in his bar, that before the delivery he had given the coroner the bond required by his writ and also that the goods were not so detained as to be irrepleviable by that writ. But neither of these allegations are made, and the bar is an insufficient justification or excuse for Parker; and if several defendants join in pleading in bar, if the plea is bad as to one defendant, it is bad as to all the defendants.
Bigelow, for the plaintiff.
Dana, for the defendants.
The two causes of demurrer, which go to the form of the plea, are, 1. Duplicity, because the allegation that the goods, at the time of the taking, were the defendant Parker's, is prima facie a good defence, without justifying under the replevin. And, 2. That the plea amounts to the general issue, because it is a direct denial of taking the plaintiff’s goods.
There seems to be weight in each of these exceptions; but it is unnecessary for the Court to give any opinion upon them.
Sew all, J., and Parker, J., concurred.
Sedgwick, J.,
gave no opinion, observing that, not having beei furnished with copies of the pleadings, he had had no opportunity of considering the case (1).

Plea in bar adjudged bad.

 [Cushman vs. Churchill, 7 Mass. 97.—Morse vs. Hodgson, 5 Mass. 314.—Cody vs. Eggleston, 11 Mass. 282.—Ed.]