## WILLIAM SIMONDS *vs.* LEVI PARKER.

## FRANCIS M. KITTRIDGE *vs.* JEFFERSON BANCROFT.

A motion to quash a writ or dismiss an action, for causes apparent on the face of the proceedings, (except want of jurisdiction in the court,) must be made at as early a stage of the case as is prescribed by law for the reception of pleas in abatement ; that is, at the first term at which an appearance is entered by the defendant, and before a plea to the action.

Where a plea in abatement was filed at the return term, and was traversed by the plaintiff, but no issue was joined, and the defendant, at a subsequent term, filed a motion to dismiss the action, assigning various causes, and among them the cause assigned in his said plea ; it was held that he had waived the exception taken in his plea, and that his motion was too late.

Where a writ of replevin was framed according to the form prescribed by the repealed *St.* 1789, *c.* 26, and the officer proceeded in the service thereof, according to that statute, taking and returning a bond from the plaintiff to the defendant with one surety only, and in a certain sum, without causing an appraisement, &c. of the goods replevied, as directed by Rev. Sts. *c.* 113 ; it was held that a motion to dismiss the action could not be received after the return term at which the defendant appeared, and that the action should proceed to trial, as the bond, taken and returned by the officer, was valid by the common law, and the court had jurisdiction of the parties and of the subject matter.

Though it do not appear on the face of a writ, which is directed to and served by a coroner, that he had authority to serve it, yet if the contrary do not appear, and the defendant do not take the exception at the term when he enters his appearance, he cannot take it afterwards.

THESE were actions of replevin. The writ, in each case, was against a deputy sheriff, and was directed to and served by a coroner, no averment being made therein, that the sheriff of the county was a party, or interested.

The first of these cases came into this court from the common pleas, on the common demurrer and appeal. When it came on for trial, the defendant moved that the writ should be quashed and the action dismissed, for the causes hereinafter mentioned, and which were apparent on the face of the proceedings : 1st. Because the precept of the writ was in the form prescribed in the repealed *St.* 1789, *c.* 26, § 4, viz. to replevy the goods mentioned, provided the plaintiff should give bond to the defendant, " with sufficient surety or sureties," in a certain sum therein named, " being twice the value of said

goods "; whereas the Rev. Sts. *c.* 113, §§ 19, 20, 28, 29, direct that a plaintiff in replevin, or some one in his behalf, shall give bond to the defendant " with sufficient sureties," and that " the writ shall require that such bond shall be given in double the value of the property to be replevied, but shall not express the sum or amount for which it shall be given." 2d. Because it did not appear by the return of the coroner who served the writ, that he had taken a bond from the plaintiff, in the form and substance required by law; but, on the contrary, it appeared by the bond left by him with the clerk of the court to which the writ was returned, that said bond was taken with one surety only. 3d. Because said coroner had not included in his return, indorsed on the writ, any certificate of the appointment of appraisers of the goods replevied, or of the appraisement, or of the expenses thereof; and because it did not appear by said return that the value of said goods was agreed on by the parties; as is required by Rev. Sts. *c.* 113, §§ 20, 21, 28, 29.

The presiding judge ordered the writ to be quashed and the action dismissed, subject to the opinion of the whole court. Said order to stand, if rightly made for the causes above set forth; otherwise, to be set aside, and the case to stand for trial

*J. Russell* and *Nelson*, for the plaintiff.

*Crowninshield*, for the defendant.

The second case (*Kittridge* v. *Bancroft*) was in most particulars like the first. At the return term in the court of common pleas, the defendant pleaded in abatement that the sheriff was not interested in the suit, and that therefore a coroner was not authorized to serve the writ. This plea was traversed by the plaintiff, but no issue was joined thereon; and at the third term, the defendant filed a motion that all proceedings in said action might be stayed and the action itself be dismissed. The reasons assigned in support of the motion were, in substance, the same as those in the other case, (*Simonds* v. *Parker*) with this additional one, viz. " because neither party was sheriff of the county when the writ was served, and it is not alleged in the writ that the sheriff of the county was nterested in the

43 *

suit, and therefore the coroner had no legal right to serve the writ.''

The judge of the common pleas, to whom this motion was addressed, granted the same, and ordered the action to be dis missed. Whereupon the plaintiff appealed to this court.

*G. Parker*, for the plaintiff.

*E. Fuller*, for the defendant.

SHAW, C. J. In the first of these actions, which was replev- in for horses, &c. attached by the defendant as a deputy sheriff, the cause coming on for trial, the defendant moved to dismiss the action, on the ground of various defects and irregularities apparent upon the writ and return, and the bond which is made part of the return. These defects and irregularities are pointed out in the motion, and they appear to be defects in the form of the writ, and in the manner of serving it, arising doubtless from the cause suggested in the argument, that of following the old form of writ, instead of the form prescribed by the Rev. Sts. *c.* 113, § 29. The leading objection is, that the condition ex- pressed in the writ was that the plaintiff in replevin should give bond with surety or sureties, whereas it should have been with sureties, in the plural ; and that he was required to take bond in a fixed sum, instead of the double value, to be ascertained by agreement or appraisement ; and that in executing the writ, the coroner followed these erroneous directions. Rev. Sts. *c.* 113, §§ 19 – 21.

It may well be conceded, we think, that as the right to prose- cute an action of replevin, and to take the possession of goods, upon a mere claim of title, before trial, is conditional, and can only proceed upon the terms of complying with the requisites of the statutes, these irregularities would be fatal, had they been taken advantage of in due season, and in a proper mode. *Moors* v. *Parker*, 3 Mass. 310.

But it is contended by the defendant, that although all matters of exception to the form of process and its service are proper- ly pleadable in abatement, yet that when such matter of excep- tion appears upon the writ and return itself, of which the court will officially take notice without a formal plea, such motion is

equally effectual, and may be made at any time. *Tingley* v. *Bateman*, 10 Mass. 343. *Guild* v. *Richardson*, 6 Pick. 364.

It is undoubtedly true, that where the matter of exception is apparent upon the face of the proceedings, and where all the facts are before the court, a motion to dismiss will be equally available with a plea ; and that the court will take notice of the return, without prayer of oyer. *Guild* v. *Richardson*, 6 Pick. 364.

A plea is only requisite to bring before the court some matter of fact not apparent in the record and proceedings ; and it is to be in the form of a plea, that it may be traversed, put in issue and tried, if not admitted by a demurrer.

It is then contended for the defendant, that because there is no time limited, by any express or positive law, for moving to dismiss an action, as in the case of a plea of abatement, it may be made at any time before judgment. But we think this is not a just conclusion. It is true that the time of filing a plea in abatement is limited by well established rules of law. But we think that the time for moving to dismiss depends upon the same reasons, and is to be governed by a rule of law equally well settled, but not so definite in its terms. In *Gage* v. *Gannet*, 10 Mass. 176, a motion to dismiss was overruled, because the defendant had waived the exception, on which it was founded, by appearing and pleading to the action. The case of *Ripley* v. *Warren*, 2 Pick. 592, was decided on the same grounds, although the writ was manifestly bad on its face in not complying with an express direction of the constitution of the Commonwealth. These cases were cited, and the doctrine affirmed, in a very recent case, in which the subject was fully considered *Carlisle* v. *Weston*, 21 Pick. 535.

The doctrine of waiver is founded upon a useful and highly reasonable principle, and one of very extensive application. Whilst the law protects the rights of parties, even in minute and unimportant matters, it requires diligence and good faith in taking advantage of its rules, to accomplish those ends and not to work injustice. *Fox* v. *Hazelton*, 10 Pick. 275. If a party

takes no notice of any matter of exception to the form or service of the process, in an early stage of the proceedings, it affords a resonable ground to conclude that he considers them of no importance, and is willing to proceed to the trial of his rights upon the substantial merits of the controversy. By referring any question to the court, other than that of the jurisdiction itself, he acknowledges that jurisdiction. Besides, most matters of form are by statute amendable ; Rev. Sts. *c.* 100, § 22 ; or if the plaintiff finds that his process is incurably defective, he may discontinue and commence anew, before the expense of litigating the merits has been incurred.

With these views, the court are of opinion that a motion to dismiss, not founded on matter of exception which shows want of jurisdiction in the court, comes too late after a plea to the action ; and that by such pleading, the party, who might take such exception, if taken seasonably, must be deemed to have waived it. And as a general rule, subject to such exceptions as may take particular and special cases out of the operation of the same principle, this court, being a court of appellate jurisdiction, must consider a motion to dismiss as too late, which is originally made after the cause has come into this court by appeal, after a plea to the action and issue joined upon it, whether it be an issue of fact or law. And in an action brought originally in this court, the same rule applies to a motion to dismiss, made after the first term at which an appearance has been entered, or after a plea to the action.

It appears by the record that this action was commenced at the September term of the common pleas, 1838, and that judgment was rendered in that court, on demurrer, at the March term, 1839. No plea in abatement was filed, and no motion to dismiss was made, in the common pleas.

The only remaining question is, whether any of these exceptions tends to show that the court has no jurisdiction. The court had jurisdiction of the parties and of the subject matter, and the process was served by a competent officer. The only consideration calculated to raise a doubt was, whether the bond given by the plaintiff was of any validity. It is not a question

here, whether a coroner who made the service could justify re-plevying the goods and delivering them to the plaintiff, on receiv-ing such a bond.    In *Purple* v. *Purple*, 5 Pick. 226, where a replevin bond was made to the officer, instead of being made to the defendant, it was held that no action would lie on the bond in the name of the coroner, who was the obligee, because he had no interest, and had no authority by law to take a bond as trus-tee for the defendant in replevin.  But, in the same case, it was considered that bonds, varying in some respects from the requi-sitions of the statute, had been held to be good at common law, because in those cases the parties to the instrument were right, and the bond was in substance such as by law they had a right to make.  In *Morse* v. *Hodsdon*, 5 Mass. 314, it was held, that where such a bond had been voluntarily executed by the plaintiff, under which he had obtained the goods replevied, he could not avoid it, although the bond did not conform to the requisitions of the statute.    So in *Clap* v. *Guild*, 8 Mass. 153, it was held to be no good reason to quash a writ of replevin, that the bond was taken in a larger sum than required by law.

Without extending this review of the cases further, the court are of opinion that as in respect to the bond in question the ob-jection is, that there were not two sureties, the bond was not on that account void, but would be binding and valid against the plaintiff and his surety.  The taking of a bond in that form was an irregularity, but did not render the proceedings void ; and the court are therefore further of opinion, that the order to dis-miss the action be set aside, and that the cause proceed to trial.

---

In the case of *Kittridge* v. *Bancroft*, the exceptions are the same with those in the preceding case, with this difference, that the motion to dismiss was made in the court below, and there decided, and because also, the motion further alleges that the writ was served by a coroner, when it should have been served by a sheriff or deputy, the sheriff of the county not being inter-ested.

In regard to the first of these points, it appears by the record

that the action was entered at December term, 1838, and continued to the succeeding June and September terms, at the latter of which the motion was made. The court are of opinion that these continuances bring the case within the principle stated in the case just decided. The exceptions, if intended to be relied upon, should have been made at an early stage, before unnecessary cost was incurred, or some good reason shown to the court, for the delay.

As to the other ground, that the service was made by a coroner, when in fact the sheriff was not interested : This is founded on the Rev. Sts. *c.* 14, § 97, which in this respect have, to some extent, altered the former law on this subject ; the former statute having directed all writs to be served by a coroner where *the sheriff or either of his deputies should be a party.* *St.* 1783, *c.* 43, § 1.

But the difficulty in sustaining a motion to dismiss the action upon this ground is, that the fact does not appear upon the face of the proceedings. It appears, amongst the papers, that a plea in abatement on this ground was filed, to which there was a replication traversing the fact. But no issue seems to have been joined, and no notice is taken of it in the record ; and we are to understand that it was abandoned. Indeed it was stated in the argument, that the motion to dismiss was adopted in preference to the plea in abatement, in order that the defendant might avail himself of the other exceptions ; whereas the plea must be confined to the single point.

As a motion to dismiss the action, in which the court can only take notice of matters upon the face of the proceedings, including the return, it appears to us to be governed by the late case of *Carlisle* v. *Weston*, 21 Pick. 535. There, as here, the writ was directed to and served by a coroner ; the defendant was described as formerly a deputy sheriff, but it did not appear as a reason for directing the writ to a coroner. Yet it was held that as a fact might exist, that is, an interest in the sheriff, which would warrant the direction of the writ to the coroner ; as it did not appear, on the face of the proceedings, that he was not interested, and it could not be shown on motion, as a fact *aliunde,*

without plea, there was no ground on which to dismiss the action. In this respect we can perceive no ground on which to distinguish the cases, or to call in question the correctness of the decision in that case ; and we are therefore of opinion that the order of the court of common pleas, dismissing the action, was erroneous, and must be reversed, and the case stand for trial.