TIMOTHY SMITH *vs.* HENRY J. WHITING & others.

The delivery of a replevin bond to the officer who serves the writ is a sufficient delivery thereof to the defendant, even if the officer neglects to make due return of it with the writ into court.

CONTRACT against the principal and sureties on a replevin bond. In the superior court, jury trial was waived, and the judge found the facts as follows :

Whiting sued out a writ of replevin against Smith, returnable on Saturday, December 16, 1865, before a justice of the peace in Oxford, for two red heifers impounded. The officer took the heifers from the possession of Smith, and, after an appraisement duly made, and after taking from Whiting, with sureties, a replevin bond in the usual form, delivered the heifers to Whiting, and made due service on Smith by summons ; but neglected to return the writ and the bond to the justice, until Monday, December 18, 1865. The writ was not entered or further prosecuted by Whiting, and remained, with the bond, in the justice's custody until he was summoned to produce them in this action. No question was raised as to the identity or value of the heifers.

On these facts the defendants contended that, by reason of the failure of the officer to return the writ and bond on the proper return day, the bond was not delivered for the plaintiff's use ; and by agreement of the parties the judge ruled that the plaintiff could not recover, and the case was reported for determination by this court.

*J. H. Stockwell* (*G. Swan* with him), for the plaintiff, was stopped by the court.

*G. F. Verry* & *A. J. Bartholomew*, for the defendants. Delivery is a requisite of a valid deed. *Chase* v. *Breed*, 5 Gray, 440 *Fay* v. *Richardson*, 7 Pick. 93. *Parker* v. *Parker*, 1 Gray, 411 The officer was required by the statute to take the bond. Gen Sts. *c.* 143, §§ 3, 12. But he had no authority under the statute or the precept of the writ to do anything with it except to hold it until return day, and then "return it with the writ to be left

·with the justice for the use of the defendant." Gen. Sts. *c.* 143, § 5. Until the return day, he was the proper custodian of the writ and bond, and was bound in official duty to make proper return thereof. But by neglecting to make proper return he lost all authority. *Williams* v. *Babbitt,* 14 Gray, 142, and cases there cited. He was not the agent of the plaintiff in replevin, but an officer of the law; and after his neglect, being discharged of all authority, could do nothing to bind these defendants. His taking of the bond was conditional, so far as concerned their rights. The condition of a proper return of the writ not having been complied with, no right of delivery of the bond to the defendant in replevin remained in the officer. *Chase* v. *Breed, ubi supra. Fairbanks* v. *Metcalf,* 8 Mass. 238. *Maynard* v. *Maynard,* 10 Mass. 456. No assent of the plaintiff in replevin to the officer's neglect could be presumed. Nor had the justice any authority to make delivery of the bond when it was left with him two days after the return day. He was then a mere stranger to the parties, discharged of authority to affect their rights, and therefore discharged of authority to receive the bond or hold it "for the use of" the defendant in replevin. *Blanchard* v. *Walker,* 4 Cush. 455. *Wilcox* v. *Clement,* 4 Denio, 160. *Spencer* v. *Perry,* 17 Maine, 413. The Gen. Sts. *c.* 143, § 5, contemplate an authority in the justice to receive the bond only as part of the process for entry, which ceases when the entry hour expires and the process is not returned. They contemplate that the bond shall be made part of the record, as much as the writ; and the validity of proceedings in replevin depends on the sufficiency of the bond as much as of the writ or the service. *Bacon* v. *Weston,* 11 Cush. 165. *Wolcott* v. *Mead,* 12 Met. 518. The plaintiff in this action is not without relief if it shall fail. He has a valid cause of action against the officer. *Williams* v. *Babbitt, ubi supra. Moulton* v. *Jose,* 25 Maine, 76. *Russ* v. *Butterfield,* 6 Cush. 243. *Tubbs* v. *Tukey,* 3 Cush. 438.

CHAPMAN, J. Where a writ of replevin is served, the officer first takes the property from the possession of the defendant, then has it appraised, and afterwards, but before he delivers it to the plaintiff in the action, he takes the replevin bond. **Gen.**

Sts. *c.* 143, §§ 3, 4, 5, 12. *Wolcott* v. *Mead*, 12 Met. 516. *Case* v. *Pettee*, 5 Gray, 27. It is given for the use of the defendant, and is his only security for the property that has thus been taken from him. The delivery of it to the officer for the defendant's use is a sufficient delivery of such an instrument. The provision of the statute that the officer shall return it to the court or justice with the writ is merely directory, and a strict compliance with it is not necessary to the validity of the bond, any more than it is to the validity of the writ. In practice, the writ is usually delivered to the plaintiff's attorney, but the bond ought not to be delivered to him.

To construe the statute otherwise would give the plaintiff an unreasonable advantage, and subject the defendant to an unreasonable risk. The condition of the bond was broken in this case by the neglect of the plaintiff in replevin to prosecute his suit; and the ruling of the superior court, which was merely *pro forma*, was erroneous. *New trial granted.*