*G. Wells, pro se.*

---

### JASON E. STONE *vs.* ALBERT J. JENKS.

Hampden. Sept. 28. — Oct. 22, 1886. DEVENS & W. ALLEN, JJ., absent.

Under the Pub. Sts. *c.* 184, § 12, the officer, before serving the writ in an action of replevin, is not required to have the sureties on the replevin bond approved by the defendant, or by a master in chancery; and § 18, providing that the sureties "may be" so approved, does not affect the plaintiff's right to maintain the action in the absence of such approval.

In an action of replevin against an officer, who had attached the chattels replevied as the property of B., it appeared that B. had mortgaged them to A., who subsequently, but before the attachment, took possession of them, with the consent of the mortgagor, but without foreclosure, and that the mortgagor made an oral release or gift to him of the equity of redemption. *Held*, that the judge rightly refused to instruct the jury, as requested by the defendant, that a mortgagor of chattels has an indefeasible right to redeem as between himself and the mortgagee, unless he has parted with such right for some new consideration, or unless the mortgage has been duly foreclosed.

REPLEVIN of a horse, wagon, and harness. Writ dated March 16, 1886. The defendant, a deputy sheriff, justified by virtue of an attachment of the articles in question, on March 15, 1886, on a writ, as the property of one Chauncey Stone.

At the trial in the Superior Court, before *Bacon*, J., the jury returned a verdict for the plaintiff; and the defendant alleged exceptions, which appear in the opinion.

*S. Sanders*, for the defendant.

*E. H. Lathrop*, for the plaintiff.

HOLMES, J. The bill of exceptions is almost unintelligible. We have construed it to the best of our ability, and, as we construe it, we discover no error in the proceedings.

1. The first question arises on the motion of the defendant to dismiss the action. The first reason suggested for the motion, namely, that the replevied chattels were delivered to the plaintiff before appraisal and after service on the defendant, is not supported by our understanding of the amended return of the officer who served the replevin writ. As we understand it, the officer returns that he took the bond on March 16, summoned the defendant on March 19, had the appraisal on March 24, and on the same day, after the appraisal it is to be presumed, delivered the replevied chattels to the plaintiff.

The only objection open, and the one mainly relied on, is that the sureties on the bond were not approved by the defendant or by a master in chancery. The answer is, that the statute does not require the officer to have the sureties approved, but only to take a bond with sufficient sureties, before serving the writ. Pub. Sts. c. 184, § 12. If, however, the sureties were insufficient, the officer would be liable, at least unless he had exercised a reasonable discretion in deciding upon their sufficiency. *Pomeroy* v. *Trimper*, 8 Allen, 398, 401, and cases cited. 1 Wms. Saund. 195, n. 3. *Jeffery* v. *Bastard*, 4 A. & E. 823. *Hindle* v. *Blades*, 5 Taunt. 225. *Rous* v. *Patterson*, 16 Vin. Abr. 400 (*Pledges*, H. pl. 4); *S. C.* Bull. N. P. 60. 2 Inst. 340. The statute therefore, having got through with what the officer must do before service, goes on to provide, in § 18, that " sureties on a replevin bond may be approved by the defendant in writing, or by a master in chancery, and, when so approved, the officer who serves the writ shall not be responsible for the sufficiency of such sureties." Plainly this does not impose a new condition upon the plaintiff's right to maintain his action, but is intended to give the officer a way to relieve himself of the liability to which we have referred.

A different question would be raised, if it were alleged, which it is not, that the sureties were insufficient. If their insufficiency would in any case affect the plaintiff's right to maintain his action, which we do not intimate, it may be that the approval of them under § 18 would also relieve the plaintiff from the objection.

2. The plaintiff claimed title as owner, on the ground, as we understand it, that he took possession of the chattels under a

mortgage, with the consent of the mortgagor, but without fore-closure, and that the mortgagor made a parol release or gift to him of the equity. The defendant asked the court to rule that " a mortgagor of chattels has an indefeasible right to redeem as between himself and the mortgagee, unless he has parted with such right for some new consideration, or unless the mortgage has been duly foreclosed."

Assuming the ruling requested to have been pertinent, and to have meant that the mortgagor could not release his right of redemption to the mortgagee except for value, we think that it was wrong, even if confined to a parol transaction, which it was not in terms. Apart from fraud upon creditors, which is not in question, an owner of unincumbered chattels may lawfully give them by parol, if the donee receives or already has possession of them. He may give them with like effect, although subject to a mortgage; and we see no sufficient reason why he may not give them to the mortgagee as well as to anybody else. The objections to attempts to defeat the right of redemption incorporated in the mortgage do not apply with the same force to a subsequent voluntary act. See *Trull* v. *Skinner*, 17 Pick. 213, 215; *Falis* v. *Conway Ins. Co.* 7 Allen, 46, 49. And if it should be suggested that the right to redeem, after possession taken for breach of condition, is only an equitable or statutory chose in action, which could not be released by parol, we think the answer is, that the statute, even more plainly than equity, gives the right to redeem, on the footing that the mortgagor still has a title to the property, a *jus in rem*. Pub. Sts. *c.* 192, §§ 5, 6; *c.* 161, § 74. If so, the title may be transferred as in other cases.

*Exceptions overruled.*