## JAMES M. CARTER vs. JOHN A. DUGGAN.

Suffolk.   Jan. 19. — Feb. 24, 1887.   HOLMES & GARDNER, JJ., absent.

In an action against a constable for accepting insufficient sureties on a bond taken by him in the service of a replevin writ, the replevin writ with the defendant's return thereon, and the bond with his acceptance thereon, are admissible in evidence to prove the execution of the bond, and that he accepted it as sufficient, without proving the signatures to the bond by the attesting witness, or offering further proof that the defendant accepted the bond.

In an action against a constable for accepting, on January 23, 1875, insufficient sureties on a bond taken by him in the service of a replevin writ, the record of an action brought by the plaintiff upon the bond, and the return of the officer upon the execution which issued in it, dated May 23, 1877, that he had made diligent search, and could find no property of the defendant within his precinct, are admissible to show that the bond was insufficient; and the fact that the execution had not been returned into court does not make it incompetent evidence.

In an action against a constable for accepting, on January 23, 1875, insufficient sureties on a bond taken by him in the service of a replevin writ, an officer, who served the execution issuing in an action brought by the plaintiff upon the bond, may testify that, between March 24 and May 23, 1877, he could find no property of the principal or sureties on the bond, and that they were worthless.

In an action against a constable for accepting insufficient sureties on a bond taken by him in the service of a replevin writ, the amount of the judgment recovered by the plaintiff in an action brought upon the bond is admissible in evidence upon the question of damages.

TORT, against a constable of the city of Boston, for accepting insufficient sureties on a bond taken by him in the service of a replevin writ.   Trial in the Superior Court, before *Pitman*, J., who reported the case for the determination of this court, in substance as follows:

The plaintiff called as a witness the clerk of the Superior Court, who produced the writ, bond, and record of the replevin suit wherein said bond had been taken.   The plaintiff put in evidence said replevin writ, and also the return made thereon by the defendant in this action as a constable.   The plaintiff then offered in evidence the bond returned by the defendant, with said replevin writ and the certificate of the defendant on said bond approving the sureties; but the plaintiff did not call the attesting witness to said bond, or give any reason for omitting to call him, or prove or attempt to prove the signatures of the principal and sureties to said bond, or prove that it was accepted

by the defendant. The defendant objected to this offer of the bond and certificate until the signatures of principal and surety had been proved by the attesting witness, and the signature of the defendant by competent testimony. The judge admitted the bond and certificate, without requiring the plaintiff to prove the signatures of principal and sureties, or the signature of the defendant.

The plaintiff further showed that he recovered judgment in said replevin suit for a return of the property and for costs of suit; that execution issued thereon, and was duly returned into court unsatisfied. The plaintiff then called the clerk of the Municipal Court of the city of Boston, who produced the writ, declaration, and record of that court in a suit brought by the plaintiff against the principal and sureties on said bond given in the replevin suit, by which it appeared that the plaintiff recovered judgment in said suit for $150 damages, and costs of suit taxed at $16.15; that an execution issued thereon, dated March 24, 1877. The defendant objected, on the ground that the testimony was incompetent as to him, and not admissible. The judge admitted the testimony.

The plaintiff then produced the execution in said last-named suit, dated March 24, 1877, and offered in evidence the return of one Knapp, a constable, thereon; and it appearing that said execution had never been returned into said Municipal Court, but had remained constantly in the possession of the officer or the plaintiff's attorney up to the date of this trial, the defendant objected to its admission as incompetent, and because it appeared that it had never been returned into court, and could not be used as evidence until the Municipal Court permitted its return after the proper return day.

The judge admitted the testimony. Said return was dated May 23, 1877, was signed " F. P. Knapp, constable," and was as follows : " By virtue of this execution, I have made diligent search for the goods and chattels, lands or tenements of the within-named defendants, but could not find any within my precinct. I therefore return this execution to court in no part satisfied."

Frederick P. Knapp, the officer in whose hands said execution was placed for service, was called, and testified that, subsequently to March 24, 1877, and before the return day of said execution,

he made diligent search for the property of the principal and sureties on said bond, and at that time could not find any; and that they were worthless.

The defendant objected to this testimony as incompetent, and because it did not meet the issue in this case, which was that the sureties were insufficient on January 23, 1875, the date of the alleged approval of the bond. The judge admitted the testimony.

The defendant offered no evidence. At the request of the plaintiff, the judge ruled that the amount of the damages recovered in said suit on the bond was competent evidence as to damages in this suit.

The jury returned a verdict for the plaintiff. If the rulings were correct, judgment was to be entered on the verdict; otherwise, the verdict to be set aside, and a new trial granted.

*S. W. Clifford Jr.*, for the defendant.

*D. C. Linscott*, for the plaintiff.

MORTON, C. J. None of the exceptions taken by the defendant can be sustained.

1. The officer who serves a writ of replevin is required by statute to return the bond taken by him with the writ to the court to which the writ is returnable. Pub. Sts. *c.* 184, § 12. Gen. Sts. *c.* 143, § 12. The production of the writ with his return thereon, and of the bond with his acceptance thereon, is sufficient proof of the execution of the bond, and that he accepted it as sufficient. His return is conclusive upon him, and it was not necessary for the plaintiff in this case to prove the signatures to the bond by the attesting witness, or to offer further proof that the defendant accepted the bond.

2. To prove the insufficiency of the bond, it was competent for the plaintiff to show that he had brought suit upon it, and had been unable to realize anything from the suit. For this purpose, the record of the suit and the return of the officer upon the execution which issued in it were admissible. *West* v. *Rice*, 9 Met. 564. The fact that the execution had not been returned into court did not make it incompetent.

3. The testimony of Knapp that he could find no property of the principal or sureties on the bond, and that they were worthless, was competent. It had some tendency to show that they were insufficient when the bond was taken. *West* v. *Rice, ubi*

*supra.* It was also important on the question of damages, for, if they were able to respond to this execution, it is difficult to see how the plaintiff would sustain any loss by reason of their previous insufficiency.

4. The measure of the damages which the plaintiff is entitled to recover is not the value of the property replevied, but is the amount he has lost by reason of the misdoing of the defendant in accepting insufficient sureties. The amount which he recovered in his suit upon the bond was, therefore, admissible in evidence.

*Exceptions overruled.*