ANSON STERN *vs.* CLARENCE H. KNOWLTON.

Suffolk.    March 6, 1903. — June 19, 1903.

Present: KNOWLTON, C. J., LATHROP, BARKER; HAMMOND, & BRALEY, JJ.

*Evidence*, Extrinsic as affecting writings, Competency.    *Damages.    Officer.*

In an action by a constable who was a defendant in replevin against another constable for accepting insufficient sureties on the replevin bond, the plaintiff may show by oral evidence that the property replevied was the same which he had attached upon a certain writ placed in his hands for service.

In an action by one who was a defendant in replevin against a constable for accepting insufficient sureties on the replevin bond, the plaintiff may show upon the question of damages the amount which he agreed to pay his counsel for services in the replevin action and in an action on the replevin bond.

In an action against a constable for accepting insufficient sureties on a replevin bond, it is not necessary that the plaintiff should have recovered judgment on the bond, if he brought an action on the bond which failed because the defendants could not be found.

TORT by a constable, who had been defendant in two actions of replevin, against another constable for negligently accepting insufficient sureties on the replevin bonds.    Writ in the Municipal Court of the City of Boston dated September 11, 1901.

On appeal to the Superior Court the case was tried before *Hardy*, J., without a jury.    The judge admitted certain evidence against the defendant's objection.    He refused to rule that the plaintiff could not recover and also refused to make certain other rulings requested by the defendant, and found for the plaintiff in the sum of $525.25.    The defendant alleged exceptions.

*P. J. Casey*, for the defendant.

*A. K. Cohen*, for the plaintiff.

BARKER, J.    The action is in tort to recover from the defendant indemnity for losses sustained in consequence of his negligently taking insufficient sureties upon two replevin bonds taken upon writs which he served as a constable.    The action is founded upon the common law and such actions are recognized by our statutes and decisions.    See Rev. Sts. c. 113, § 39, and Commissioners' note to same; Gen. Sts. c. 143, § 21; St. 1870, c. 309, § 1; Pub. Sts. c. 184, §§ 18, 27; R. L. c. 190,

§§ 15, 24; *Ladd* v. *North,* 2 Mass. 514, 516, 517; *Parker* v. *Simonds,* 8 Met. 205; *Pomeroy* v. *Trimper,* 8 Allen, 398, 400; *Carter* v. *Duggan,* 144 Mass. 32. In the case last cited it is held that the measure of damages is not the value of the property replevied but is the amount the plaintiff has lost by reason of the misdoing of the defendant in accepting insufficient sureties. The action is similar in its nature to that against a sheriff for taking insufficient bail. See *West* v. *Rice,* 9 Met. 564. The present action was tried without a jury and with exceptions on the part of the defendant to the admission of evidence and to the refusal to grant requests for rulings.

1. Oral evidence was admitted that the property replevied was the same which the plaintiff had attached upon two certain writs placed in his hands for service. The evidence contradicted no return and was competent upon the question of the identity of the property.

2. The conversation between the plaintiff and defendant admitted under exception was competent to show admissions made by the defendant tending to show that he had acted negligently in taking insufficient sureties upon the replevin bond.

3. The measure of damages being indemnity for the loss which the plaintiff had sustained, evidence of the amount which he had agreed to pay his counsel for services in the replevin actions and the suits upon the replevin bonds was competent, although of course not conclusive upon the question of damages.

4. The first ruling requested and refused was that on all the evidence the plaintiff could not recover on either count. In support of the exception the defendant contends that there was no evidence that the plaintiff had brought action on both bonds. It is true that the plaintiff has not recovered judgment on either bond. But the evidence tended to show that he had brought one suit upon both bonds and that the action failed because the makers of the bond could not be found, so that the writ could not be served.

5. The second request was that the plaintiff himself has no right to sue the defendant on either bond and that the bonds should run to the plaintiff. But this suit is not upon the bonds but upon the defendant's misdoing in taking them, and if, as was not the case, the bonds should have run to the plain-

tiffs in the actions in which the present plaintiff had attached the goods replevied it would be only an additional reason for holding the defendant liable.

6. The third request is that the bonds are not bonds taken in the capacity of a constable. In support of the exception the defendant contends that the declaration does not allege that either bond was "approved by the defendant as a constable *pro forma*" and "that neither bond is a statutory bond according to the strict requirements of the statute." There was no demurrer to the declaration, and we think that at least after a trial it must be construed as alleging that the defendant approved the bonds in his capacity as a constable as well as seized the goods upon the replevin writs. What is meant in the request by the words "statutory bond" is not clear to us, but certainly it was the defendant's duty to take a good bond with sufficient sureties.

7. The seventh request was that there was not sufficient evidence that there was not property of the sureties that could be attached to satisfy the executions. This we think was a question to be passed upon as a question of fact upon all the evidence, it appearing that the sureties could not be found when sued upon the bonds.

*Exceptions overruled.*