HARVEY S. PARKER *vs.* BARTHOLOMEW M. YOUNG.

Middlesex.     March 9, 1905. — September 7, 1905.

Present: KNOWLTON, C. J., LATHROP, BARKER, HAMMOND, & BRALEY, JJ.

*Replevin.     Officer.     Conversion.*

If an officer takes goods on a writ of replevin from one having a valid lien thereon, and delivers them to the plaintiff in replevin upon his giving a bond, the sureties on which have been approved by a master in chancery but without notice to the defendant in replevin as required by R. L. c. 190, § 16, and if the plaintiff in replevin commits a breach of the condition of the bond by failing to prosecute his action, and the sureties on his bond prove to be worthless, the defendant in replevin may maintain an action of tort in the nature either of trespass or trover against the officer for the damages sustained by him, as the officer,

although his original taking of the goods is lawful, by delivering them to the plaintiff in replevin without complying with the provisions of the statute becomes a wrongdoer from the beginning.

TORT, against a deputy sheriff, for the alleged conversion of a horse, harness and carriage. Writ in the First District Court of Eastern Middlesex dated March 18, 1904.

On appeal to the Superior Court the case was tried before *Wait*, J. It appeared that on December 5, 1903, the defendant, under a replevin writ dated November 18, 1903, and returnable on the first Monday in January, 1904, in which one Minnie L. Jones was the plaintiff and Harvey S. Parker, the present plaintiff, was the defendant, took from Parker the chattels in question and gave Parker an attested copy of the writ and bond; that the bond was dated and executed on November 18, 1903, and the sureties thereon were approved by a master in chancery on December 5, 1903, before the service of the replevin writ and the taking of the chattels; that no notice of a time and place at which the sureties on the bond could be examined ever was given to Parker either by the master or the defendant, nor was such notice waived in writing; that the writ and bond were in the usual form, the latter being for $500 and containing a printed form for the return by the officer of any notice he had given; that, immediately after the taking, the value of the chattels was agreed to be $150 by the parties in the replevin suit, and the defendant delivered them to the plaintiff in replevin, and took a receipt therefor; that the writ and bond were duly returned to court by the officer, but the writ never was entered; and that no demand was made on the defendant for the return of the chattels. To this extent the facts were undisputed.

The plaintiff also introduced evidence, contradicted by evidence of the defendant, that the plaintiff when the chattels were taken had a valid lien thereon; that objection was made to the taking of the chattels, and that the officer was told that the sureties on the bond were known to the plaintiff to be worthless; that they were in fact worthless; that the officer was asked by the plaintiff when the chattels were taken whether the plaintiff was not entitled to have the sureties examined, and that the officer replied that he must take the chattels and the plaintiff could look to the bond.

At the close of the evidence, requests for rulings were handed to the judge by both parties, and the plaintiff then asked to be allowed to amend his declaration for a conversion, by inserting a count in trespass or action on the case. This the judge refused, and the plaintiff excepted. The judge then, at the request of the defendant, ruled that the action could not be maintained, and directed the jury to return a verdict for the defendant. The plaintiff alleged exceptions.

*M. E. S. Clemons,* for the plaintiff.

*H. Dunham,* (*G. F. James* with him,) for the defendant.

BRALEY, J. In serving the writ of replevin, although the defendant properly could seize and remove the chattels in which the plaintiff as lienor claimed a special property, they lawfully could not be delivered to the plaintiff in replevin before receiving from him the customary bond with sufficient sureties. *Wolcott* v. *Mead,* 12 Met. 516. *Hamberger* v. *Seavey,* 165 Mass. 505. R. L. c. 190, § 9.

It is left optional with the replevying officer to approve the sureties and thus become responsible if subsequently they are found financially insufficient, or to refer this question to a magistrate authorized to act, for his decision, and so avoid this liability. R. L. c. 190, §§ 15, 16. *Stone* v. *Jenks,* 142 Mass. 519, 520. *Bowditch* v. *Harmon,* 183 Mass. 290.

If the latter course is adopted the defendant under § 16 is entitled to notice in writing from the officer, stating the time and place of hearing with the names and places of residence of the sureties proposed.

In the present case this statutory requirement being ignored, the approval by the master in chancery was a nullity, and so far the bond must be treated as if no approval of the sureties had been given.

The purpose served by a proper bond is to provide security to the defendant, if he prevails, for a return of the property, and to indemnify him for such damages and costs as he may be entitled to recover. *Smith* v. *Whiting,* 97 Mass. 316. *Stevens* v. *Tuite,* 104 Mass. 328, 333, 334.

If the sureties when they are approved by the officer are found to have been irresponsible at the time of acceptance, and in the exercise of a reasonable discretion he should have known of their

insufficiency, a suit against him can be maintained, whether his approval is in writing, which is evidence only of his official action, or without doing so he executes the process. *O'Grady* v. *Keyes*, 1 Allen, 284. *Stone* v. *Jenks*, 142 Mass. 519. *Carter* v. *Duggan*, 144 Mass. 32, 35.

While the writ, with the bond, was properly returned by the defendant to the court from which it issued, the action was not entered. This failure to prosecute the action constituted a breach of the conditions of the bond which gave to the present plaintiff as obligee a cause of action to recover at least nominal damages. *Smith* v. *Whiting*, 97 Mass. 316. *Easter* v. *Foster*, 173 Mass. 39.

Without recognizing the validity of the bond, the sureties on which for the purpose of these exceptions must be considered as having been insufficient, he now contends, that as no security within the meaning of the statute was taken, the defendant became a trespasser. If so, it would follow that the delivery of the property being unauthorized an action in some form to recover damages could be maintained without awaiting the termination of the replevin suit. *Purple* v. *Purple*, 5 Pick. 226. *Dearborn* v. *Kelley*, 3 Allen, 426.

Upon an examination of the return on the replevin writ, in connection with the bond, it appears that before delivery while an instrument in suitable form was taken in twice the value of the replevied property, it is not stated that any investigation of the sureties was made by him, or that in his judgment they were pecuniarily satisfactory.

It has been held that when an officer's return in an action of replevin shows that a bond was taken, without further description, the presumption follows that the proper statutory bond is meant. *Hartlep* v. *Cole*, 120 Ind. 247. See *Richardson* v. *Smith*, 1 Allen, 541.

But if the return is treated as evidence in his favor it is not conclusive. *Whithead* v. *Keyes*, 3 Allen, 495. There was further evidence from which it could have been found that the actual wrong suffered by the plaintiff arose from delivering the chattels without this preliminary question being determined, owing to the defendant's misfeasance, when if his official duty had been regularly performed the sureties proposed would have been rejected, and competent sureties taken in their place.

For this misconduct it is true that an action of tort in the nature of trover cannot be maintained, as the appropriate remedy would be a suit for damages caused by his negligence. *Livermore* v. *Bagley*, 3 Mass. 487, 512. *Laflin* v. *Willard*, 16 Pick. 64. *Stern* v. *Knowlton*, 184 Mass. 29.

The bond, however, being regular in form and duly executed when delivered to the replevying officer, was valid and binding upon obligor and sureties alike without his approval, or that of a magistrate. As the approval of either formed no part of the obligation, this omission did not affect its validity, or render it unenforceable. *Morse* v. *Hodsdon*, 5 Mass. 314. *Simonds* v. *Parker*, 1 Met. 508, 513. *Wolcott* v. *Mead*, 12 Met. 516, 518. *Stone* v. *Jenks*, 142 Mass. 519.

But the right to indemnity under it, and if the sureties were found to have been financially worthless, then to recover damages from the defendant, or from the sheriff, whose deputy he was, did not accrue unless there was a breach of its conditions. Until then this form of procedure was not available for the bond must be considered as representing the property. *Stevens* v. *Tuite*, 104 Mass. 328. *Stone* v. *Jenks*, 142 Mass. 519. *Carter* v. *Duggan*, 144 Mass. 32. *Miner* v. *Coburn*, 4 Allen, 136. *Parker* v. *Simonds*, 8 Met. 205. *Easter* v. *Foster*, 173 Mass. 39. *Stern* v. *Knowlton*, 184 Mass. 29.

The plaintiff might have pursued this course, but he was not obliged to await the termination in any form of the proceedings in replevin, as he could bring suit directly against the defendant, who then must justify his seizure and delivery of the property.

Even if the writ under which he acted was regularly returned, and under *Tubbs* v. *Tukey*, 3 Cush. 438, 440, this afforded him as ample protection as if it had been entered, he rightfully could not deliver the chattels except upon a strict compliance with the provisions of R. L. c. 190, § 9, which among other precedent conditions required sufficient sureties to be furnished before the replevin fully could be executed.

Under the course pursued, without the examination or approval by any one authorized to act, adequate security was not taken, and this neglect to comply with an essential condition deprives him of any justification which otherwise might have been afforded by the replevin writ. *Moors* v. *Parker*, 3 Mass.

310.　*Morse* v. *Hodsdon,* 5 Mass. 314, 317.　*Cushman* v. *Churchill,* 7 Mass. 97.　*Purple* v. *Purple,* 5 Pick. 226.　*Dearborn* v. *Kelley,* 3 Allen, 426.　*Hall* v. *Monroe,* 73 Maine, 123.

If the original taking of the chattels was lawful, their delivery being unlawful, he became a wrongdoer from the beginning, and liable, at the election of the plaintiff, either in trespass or trover, for the damages sustained.　*Nelson* v. *Merriam,* 4 Pick. 249, 250. *Woodbury* v. *Long,* 8 Pick. 543, 545.　*Pierce* v. *Benjamin,* 14 Pick. 356, 360.　*Stanley* v. *Gaylord,* 1 Cush. 536, 547.

Inasmuch as the act of delivery was an exercise of authority and dominion which deprived the plaintiff of his property, this furnished evidence of a conversion sufficient to support the present action without proof of a previous demand.　*Stanley* v. *Gaylord,* 1 Cush. 536.　*Riley* v. *Boston Water Power Co.* 11 Cush. 11, 14.　*Spooner* v. *Holmes,* 102 Mass. 503, 506.　*Spooner* v. *Manchester,* 133 Mass. 270, 274.　*Scollard* v. *Brooks,* 170 Mass. 445.

*Exceptions sustained.*