SILOX PURE WATER COMPANY OF NEW ENGLAND *vs.* VENDOME LUNCH COMPANY.

Essex.    November 4, 1914. — November 6, 1914.

Present: RUGG, C. J., HAMMOND, SHELDON, DE COURCY, & CROSBY, JJ.

*Replevin*, Bond.   *Bond.   Practice, Civil*, Plea in abatement, Motion to dismiss, Replevin bond.   *Superior Court.*

Under R. L. c. 190, § 18, the Superior Court has power, in a replevin suit entered therein on appeal from a district court wherein the bond given by the plaintiff is defective in form or substance but is intended by the plaintiff in good faith as a compliance with the law as to such a bond, to order that a proper bond be given; and this power properly may be exercised, although the defendant raises the question of the insufficiency of the bond by plea in abatement.

REPLEVIN of a "filter and reservoir." Writ in the District Court ·of Southern Essex dated January 30, 1913.

The defendant filed a plea in abatement, based on the fact that the plaintiff in the writ was named Silox Pure Water Company, instead of Silox Pure Water Company of New England, and upon defects in the bond given by the plaintiff, in that the heirs, executors and assigns of the sureties were not bound by its terms and the corporation seal was not affixed.

In the district court the plea was overruled and the plaintiff was allowed to amend its writ by describing itself properly. No new bond was ordered.

On appeal to the Superior Court, the case was heard on the plea and on its merits by *McLaughlin,* J., without a jury. He found that the plaintiff was entitled to the property replevied and ordered that a proper bond should be filed, and that, when such bond was filed, judgment should be entered for the plaintiff. The defendant alleged exceptions.

*J. E. Odlin,* for the defendant.

*R. L. Sisk, (W. E. Sisk* with him,) for the plaintiff.

BY THE COURT. This is an action of replevin. The defendant filed a plea in abatement founded on objections to the form and sufficiency of the bond. The court, acting under R. L. c. 190, § 18, ordered that a new bond should be given, which duly was executed, approved and filed. This was authorized whether a plea in abatement or a motion to dismiss was filed. The purpose of the statute is that no action of replevin shall fail by reason of defect in form or substance of the bond provided it was intended in good faith to comply with the law and the defect is remedied by a new bond.

*Exceptions overruled.*