*Western District*

*Central District Court of Worcester*

## CENTRAL FINANCE CORPORATION

### v.

## VINCENT J. ANGELICO d/b/a ACE AUTO BODY SHOP

(December 21, 1955)

*Hobson, J.* This is an action of replevin to recover possession of a motor vehicle. An insurance company bond was furnished. An answer was filed together with a motion to dismiss. The answer was a general denial and a plea of payment. The motion to dismiss set forth no grounds.

At the hearing on the motion to dismiss the defendant set forth the following three reasons in support of his motion:

(a) The defendant's counsel had not been provided with a copy of the plaintiff's declaration upon demand.

(b) The sureties on the plaintiff's bond were not approved by the defendant or by anyone else having authority to do so.

(c) There was a discrepancy between the plaintiff's writ and the plaintiff's bond, to wit: the plaintiff's name on the writ was Central Finance Corporation, while on the bond it was Central Finance Company.

The motion to dismiss was allowed by the Court.

The plaintiff claiming to be aggrieved by the allowance of the defendant's motion to dismiss requested a report to the Appellate Division.

There is nothing whatever in the report to indicate upon what ground or grounds the judge allowed the motion dismissing the action.

If the judge dismissed the action on the basis of the first reason advanced by the defendant, namely:

"The defendant's counsel had not been provided with a copy of the plaintiff's declaration upon demand",

there was error. The only provision of law requiring a plaintiff to furnish the defendant or his attorney a copy of the declaration after a written demand, which has come to our attention, is the following portion of G. L., c. 231 §12:

"In an action or suit in which there has been an attachment of property or an injunction restraining the transfer or encumbering thereof, a copy of the declaration and bill of particulars, when such bill is necessary, or in equity, of the bill or petition, shall be furnished to the defendant or his attorney within three days after a written demand therefor upon the plaintiff or his attorney,

and in case of failure so to do, the cause may, upon motion, be dismissed with costs."

This section applies only to actions or suits in which there has been an attachment of property or an injunction restraining the transfer or encumbering thereof. In an action of replevin, there is no attachment of property and therefore the section is not applicable to the case at bar. The plaintiff was under no obligation to furnish the defendant or his counsel a copy of the declaration.

If the judge dismissed the action on the basis of the second reason advanced by the defendant, namely:

"The sureties on the plaintiff's bond were not approved by the defendant or by anyone else having authority to do so",

there was error.

G. L., c. 247, §14, provides:

"Sureties on a replevin bond may be approved in writing by the officer who serves the writ or by the defendant or by a justice of a district court or by a master in chancery, and, if approved otherwise than by the officer, he shall not be responsible for their sufficiency."

There is no requirement that the approval in writing of the officer shall be written or endorsed upon the bond itself. It is sufficient if the officer makes a written statement that he approves the sureties upon the bond taken by him, and the statement and the bond are directly connected with and are a part of the writ and action in question. In the return of the officer who served the writ is found the following statement over his signature:

"I also took from the within named Plaintiff a bond to the within named Defendant with sufficient sureties approved by me in a penalty double the value of said property so ascertained with condition to prosecute the replevin to final judgment and to pay such damages and costs as the said Defendant shall recover against the said Plaintiff and also to

return the said property in case such shall be the final judgment, which bond I herewith return." This statement of the officer constitutes an approval in writing of the sureties on the bond which he took in this action and in all respects is a full compliance with G. L., c. 247, §14. See also *Stone v. Jenks*, 142 Mass. 519 at 520.

If the judge dismissed the action on the basis of the third reason advanced by the defendant, namely:

> "There was a discrepancy between the plaintiff's writ and the plaintiff's bond, to wit: the plaintiff's name on the writ was Central Finance Corporation, while on the bond it was Central Finance Company,"

there was error.

An inspection of the bond shows that the principal therein is described as "Central Finance Co."; that the typewritten signature of the principal is "Central Finance Co."; that the corporate seal of the plaintiff impressed on the bond reads "Central Finance Corporation". In the writ the plaintiff is described as the Central Finance Corporation.

Clearly, there is a misnomer of the plaintiff in the bond. We are of the opinion, however, that this is not a fatal defect and that if it became necessary, the defendant could recover upon the bond, with proper averments in pleading and proof.

In *Melledge v. The Boston Iron Company*, 5 Cushing 158 at 176, Chief Justice Shaw says:

> "Without going more at large into authorities that a corporation may have several names, I will cite the third edition of Angell and Ames on Corp. 206, (4th ed. sec. 234,) which lays down the rule, that the misnomer of a corporation in a grant, obligation, or other written contract, does not prevent a recovery thereon by or against the corporation in its true name, provided its identity with that intended by the parties to the instrument is averred in pleading, and apparent in proof; and

the authors cite many cases in support of the rule thus stated."

This rule as stated by Angell and Ames, and approved by Chief Justice Shaw, is a good summation of the law as laid down in the following cases: *Minot v. Curtis,* 7 Mass. 441; *Medway Cotton Manufactory v. Adams,* 10 Mass. 360. *President, etc. of Commercial Bank v. French,* 21 Pick. 486; *Charitable Ass'n in Middle Parish in Granville v. Baldwin,* 1 Met. 359; *Lowell v. Morse,* 1 Met. 473.

In the more recent case of *Simpionbato v. Royal Ins. Co., Ltd.,* 253 Mass. 606 at 609, where in a conditional bill of sale there was the name "Willys-Overland Inc." in one place and "Willis-Overland Company" in another, the court said "Even if the name of the corporation was incorrectly stated in the contract the correct name could be shown", citing *Medway Cotton Manufactory v. Adams,* supra, and *Commercial Bank v. French,* supra. It follows that in an action on the bond in this case the correct name of the plaintiff could be shown and therefore the bond was not fatally defective and the action of replevin should not be dismissed for the third reason advanced by the defendant.

It might not be out of place to call attention to G. L., c. 247, §17:

"An action of replevin shall not be dismissed by reason of a defect in the form or substance of the bond taken therein, if the court is satisfied that such bond was intended in good faith as a compliance with the law requiring a bond to be taken before service of the writ and if the plaintiff, within such time and upon such terms as the court orders, files a new bond such as is required by law, approved by the court or in the manner provided in section fourteen."

The purpose of this statute is well stated in 219 Mass. 194, where the court says:

> "The purpose of the statute is that no action of replevin shall fail by reason of defect in form or substance of the bond provided it was intended in good faith to comply with the law and the defect is remedied by a new bond."

It is our opinion that where there is a defect of the kind appearing in the bond in question the judge should determine whether or not the bond was intended in good faith as a compliance with the law requiring a bond to be taken before the service of the writ and if satisfied that it was so intended, order that a new bond be filed. From the report it appears that the plaintiff offered to file a new bond if the court ordered same to be done. The report does not show that the judge considered the question as to whether or not the bond taken was intended in good faith as a compliance with the law or made any determination thereof. It simply shows that he granted defendant's motion to dismiss the action. However, in view of the fact that we are of the opinion that the bond was not defective, we do not attach too much importance to the failure of the report to deal with these matters.

The motion to dismiss the action should not have been allowed and that there was prejudicial error in the allowance of the same.

The action of the judge in allowing the motion to dismiss should be reversed and the motion disallowed.

S. L. Strogoff, for the plaintiff.

Moossa & Dumas, for the defendant.