JOHN O'BRIEN & wife *vs.* MICHAEL M. BARRY.

A husband and his wife cannot maintain an action for a malicious replevin of his household furniture with intent to injure her, and resulting in actual injury of her by the removal of the furniture by the officer from her use, if they begin it pending the action of replevin.

TORT. Writ dated February 14, 1868. The first count of the declaration alleged that while the plaintiffs were in occupation of a house in Brighton, and the male plaintiff was owner of certain furniture, including the only stove therein, the defendant, wrongfully and maliciously contriving and intending to injure the plain-

tiffs and knowing that the female plaintiff was quick with child, sued out against the male plaintiff a writ of replevin of the furniture, not having any right thereto, committed the writ to Benjamin Fobes, a constable of Brighton, and directed him forthwith to take the furniture from the house; and that Fobes went to the house, and, acting by virtue of the writ, and by procurement of the defendant, removed, and the defendant caused to be removed, said furniture, and left the plaintiffs without any protection against the weather, although it was very cold, as the defendant knew, whereby the female plaintiff was greatly frightened and injured.    The second count alleged that the defendant, under color of legal process and wrongfully contriving to injure the female plaintiff, and well knowing her to be quick with child, sent Benjamin Fobes, a constable of Brighton, to the plaintiffs' house, intending to frighten the plaintiffs by the employment of an officer of the law, and wilfully intending thereby to remove from the house the furniture therein to the male plaintiff belonging, under colorable pretence that Fobes was so removing the same by virtue of a legal process; and that thereupon Fobes, by direction of the defendant and pretending to act as an officer of the law, removed the furniture, including the stove, from the house, whereby the female plaintiff was put in great fear, was left without fire or bed, and was greatly injured.

At the trial at December term 1870 of the superior court, before *Rockwell,* J., the plaintiffs' counsel, in opening the case, stated that he should prove substantially the following facts: The defendant on February 7, 1868, for the purpose of injuring the female plaintiff, caused the furniture, including the only stove, of the male plaintiff, and in which the defendant had no right or interest, to be removed from the house occupied by the plaintiffs, selecting as the time for removal one of the coldest days in winter.    To shield himself from liability, the defendant had resort to a writ of replevin of the furniture, which he sued out against the male plaintiff.    The *ad damnum* in the writ was $125; the value of the property was not stated in the writ; but the appraisers in their certificate appraised it at $72.    The defendant placed the writ for service in the hands of a constable of Brigh-

ton, where the parties then resided, who on the same day served it by taking the articles therein described. The defendant brought the writ maliciously and without probable cause ; and brought it and selected the time for serving it, because he knew that the female plaintiff was pregnant and the taking of the property would leave her without the means of warmth, and he intended to leave her in suffering. The writ was not sued out in good faith, with the purpose of obtaining and holding the property, but was an abuse of the process of the court ; and the action of replevin, which was pending at the beginning of the present suit, was tried at December term 1869 and resulted in a verdict for the plaintiff in this suit and an order for the return of the property.

The plaintiffs' counsel stated that he should contend that the constable was not authorized to serve the writ ; but no other irregularity or abuse in its service was claimed, except as above set forth.

The defendant requested the judge to rule that, if the plaintiffs should prove all that they offered to show, they could not maintain the action. The judge did so rule, and directed a verdict for the defendant. The plaintiffs alleged exceptions.

*W. W. Warren*, for the plaintiffs. The female plaintiff, the real party to this action, was not a party to the replevin suit, and may avail herself of any irregularity therein. The constable had no right to serve the writ. The *ad damnum* was over $100, and the value of the property was not stated. To justify a constable in serving a writ it must show on its face all the facts necessary to give him authority. The certificate of appraisal only serves to fix the amount of the bond. Gen. Sts. *c.* 18, § 61. *Conner* v. *Palmer*, 13 Met. 302. *Kafer* v. *Harlow*, 5 Allen, 348. The rule compelling the defendant to a suit to await its termination, before he can begin an action for malicious prosecution, is a special limitation upon him, and affords no ground for postponing the remedy of third persons. *Stone* v. *Crocker*, 24 Pick. 83 An action for abuse of legal process will lie in favor of the person injured, without proof of the illegality of the process, or of the termination of it, or of the want of probable cause for bringing it. *Page* v. *Cushing*, 38 Maine, 523. *Grainger* v. *Hill*, 4 Bing.

N. C. 212. *Whiting* v. *Johnson*, 6 Gray, 246. The declaration is good as a declaration in tort, whether the remedy be in case or trespass. *Hayden* v. *Shed*, 11 Mass. 500. *Page* v. *Cushing*, 38 Maine, 523. *Grainger* v. *Hill*, 4 Bing. N. C. 212. *Whiting* v. *Johnson*, 6 Gray, 246.

*T. H. Sweetser & N. C. Berry*, for the defendant. This action cannot be maintained as an action for malicious prosecution, because the replevin suit was not terminated when this action was begun. Nor as an action of trespass, for the replevin writ was not a void process, and was properly served by a constable. · Gen. Sts. *c.* 18, § 61. *Conner* v. *Palmer*, 13 Met. 302. Nor on the ground of abuse of process, for it is not alleged in the declaration, nor is there any offer to prove, that the replevin suit was instituted in order illegally to compel the plaintiffs, or either of them, to do a collateral thing, such as to give up property which the replevin writ did not reach. *Grainger* v. *Hill*, 4 Bing. N. C. 212. 2 Greenl. Ev. § 452. If the writ was not properly served, the constable alone is liable.

MORTON, J. At the trial, the plaintiffs offered to prove, in substance, the following facts : That the defendant maliciously and without probable cause, having no title to the goods replevied, sued out a writ of replevin against the male plaintiff, and caused the officer to replevy and remove the furniture of the plaintiffs ; that he did this for the purpose of injuring the female plaintiff; and that she was thereby greatly injured. It was admitted that the replevin suit was pending at the time this action was commenced. The question is, whether upon these facts, if proved, this action can be maintained.

It is an action of a novel character, but some of the rules which govern actions for malicious prosecutions apply to it and are decisive of the question raised. If an action of this nature can be maintained at all, it is obvious that it can only be upon proof that the plaintiff in the former action, which is alleged to be malicious, had not a legal cause of action. If he had, it would be his right to enforce it by the remedies provided by law, and he would not be liable for any injuries which might incidentally result, although he acted with malice. In so doing, he commits no

unlawful act for which an action will lie against him. *Lindsay* v. *Larned*, 17 Mass. 190. *Randall* v. *Hazelton*, 12 Allen, 412. The question whether Barry had a legal cause of action was involved in, and we think, as between these parties, could only be tried in, the replevin suit. The male plaintiff, being a party to that suit, would be bound by its result. If Barry had recovered a judgment in that suit, this action could not be maintained, because it would thus be conclusively settled that his act in replevying the goods was lawful. Any irregularity in the service of the writ of replevin must be taken advantage of in that suit, or it must be deemed to have been waived. The fact that this suit is for an injury to the wife does not take the case out of the operation of this rule. It is one of the incidents of the marriage relation, that the husband must join in such suit. It is substantially his suit; he can discharge it, and is entitled to the proceeds if judgment is recovered. *Southworth* v. *Packard*, 7 Mass. 95.

In an action for malicious prosecution, the plaintiff must show that the prosecution or suit complained of has been terminated by a judgment in his favor. In that suit only can the question whether the defendant had a good cause of action against the plaintiff be litigated. The reasons of the rule apply with equal force to an action like the present. It is against the policy of the law, that the same questions should be litigated between the same parties in successive suits. At the time this action was commenced, the replevin suit, which is alleged to be malicious and without probable cause, was pending; and a majority of the court is of opinion that, if the plaintiffs can under any circumstances maintain an action of this nature, this fact is decisive against this action. *Johnson* v. *Shove*, 6 Gray, 498.

*Exceptions overruled.*