### LOUIS HAMILBURGH *vs.* LORENZO H. D. SHEPARD.

Suffolk. March 4. — Oct. 21, 1875. MORTON & ENDICOTT, JJ., absent,

The declaration in an action for malicious prosecution contained a count for the abuse of the process of the court in suing out the writ, and a count for an assault and battery in causing the officer to make an arrest of the present plaintiff under said writ. At the trial it appeared that the writ upon which the plaintiff was arrested was in due form and issued from a court of competent jurisdiction, and that the arrest was made by the officer within the scope of his authority; that after the present action was brought, and before the entry of that action, it was agreed to enter "neither party," in that action, and the writ was never returned into

court. *Held,* that the cause of action, however stated in the declaration, was in substance and legal effect for malicious prosecution; and that the action was prematurely begun.

TORT. Writ dated June 11, 1873. The first count of the declaration alleged that the defendant maliciously and without probable cause procured the arrest of the plaintiff, on a writ in a civil action, and caused to be extorted from him the sum of $162.

The second count alleged the suing out of a writ by the defendant, " for a private and unlawful purpose of his own, to wit, for the purpose of obtaining from the plaintiff a certain large sum of money," under the color of a legal claim; the arrest of the plaintiff under said writ, and his imprisonment for the space of three hours, " whereby the defendant did make an unlawful use and an abuse of the legal process" of said court, " and by said abuse of legal process did subject the plaintiff to great loss and damage in his business and reputation, and oblige him to deliver to the defendant a large sum of money, to wit, the sum of $162."

The third count was as follows : " And the plaintiff further says that the defendant by himself, his agents and servants, and with force and arms at Boston aforesaid, assaulted the plaintiff and caused him to be illegally arrested, imprisoned and detained for a long time, to wit, for three hours, until to gain his liberty he was compelled by the defendant, his agents and servants aforesaid, to deliver to him, the defendant, his agents and servants aforesaid, a large sum of money, to wit, $162 ; and the plaintiff says that the defendant had no cause of complaint against him, criminal or civil, whereupon he could lawfully predicate any such arrest, imprisonment and detention and extortion of money ; and the plaintiff further says that by such arrest, imprisonment and detention, and by the extortion aforesaid, his business was greatly impeded, he was subjected to great inconvenience and expense, his reputation was much injured, and he suffered great vexation, grief and oppression. All which is to the special damage of the said plaintiff as he says the sum of three thousand dollars."

At the trial in the Superior Court, before *Bacon,* J., the evidence was that the plaintiff hired of the defendant a store, the rent of which was payable monthly ; that the plaintiff having sold out his stock, and being about to go to Europe, the defend-

ant, on June 9, 1873, by advice of counsel, caused the plaintiff to be arrested on a writ of the same date, although the rent was not due till June 14, 1873; that the officer arrested the plaintiff and detained him for about two hours, and then released him upon his furnishing a sum of money, which the officer took and held, as he claimed in his return, by attachment.

There was no claim made that the officer in any way abused his authority under said writ, or was guilty of any misconduct in the service thereof, but only that the defendant knew he had no cause of action, and sued out said writ with such knowledge, and directed the service made thereon. So far as the form of the writ was concerned, the officer was justified in the arrest.

The plaintiff paid the defendant his rent when due, June 14, 1873, and on June 16, 1873, the officer returned to the plaintiff the money of the latter, and it was then agreed between the plaintiff and the defendant that the suit on which the plaintiff had been arrested should be entered "neither party." The writ in that suit was returnable June 28, 1873, and was never entered in court.

The presiding judge ruled that the action could be maintained, if at all, only for a malicious prosecution, and that the evidence showed that it was prematurely begun, and instructed the jury to find for the defendant. The plaintiff alleged exceptions.

*M. Fischacher*, for the plaintiff. 1. The first count is for a malicious prosecution. The second for an abuse of legal process to extort money. The third for an assault and battery. The testimony was introduced without the plaintiff being required to elect as to either count, and proved an assault and battery at least. The defendant was liable for such assault and battery, unless he could justify. The action was not premature as to the third count at least. See *Leland* v. *Marsh*, 16 Mass. 389.

2. There being evidence tending to establish the allegations of either count, the court erred in ordering a verdict for the defendant. The case should have been submitted to the jury upon all the evidence, with proper instructions as to its application to the different counts.

3. The second and third counts containing allegations of causes of action, and there being evidence establishing or tending to

establish the same, the court erred in limiting the plaintiff to the first count and instructing the jury to find for the defendant on that account. In this case the court did not recognize the fact that one series of acts gives rise to different causes of action; and the rule that would apply to malicious prosecutions alone does not apply to other causes of action arising therefrom. *Emery* v. *Hapgood*, 7 Gray, 55.

*J. D. Long*, for the defendant.

GRAY, C. J. The writ upon which the plaintiff was arrested being in due form and issued from a court of competent jurisdiction, and the arrest having been made by the officer within the scope of the authority thereby conferred upon him, the plaintiff's cause of action, however stated in his declaration, is in substance and legal effect for malicious prosecution, and cannot be sustained without proof that the prosecution had been determined, which it had not been when this action was commenced. *Cardival* v. *Smith*, 109 Mass. 158. *O'Brien* v. *Barry*, 106 Mass. 300.

*Exceptions overruled.*