## THE STATE OF KANSAS v. JOHN WILSON.

1. REPLEVIN; *Order for Delivery; Irregularity.* Where it appears from an order of replevin, that it was issued out of the district court of the county in which it was served; that it was duly addressed to the sheriff of the county; that it stated the names of the parties to the action; that it commanded the sheriff to take the property described in the writ, deliver it to the plaintiff and make due return of the order; and was also signed by the clerk of the court in his official capacity, and authenticated with the official seal of the court, *held*, that the process is not void, notwithstanding the absence of a statement in the body of the order, of the court in which the action was brought. The omission can only be considered an irregularity, and is not fatal to the validity of the writ.

2. ————— *Authority of Officer.* The officer, in executing the order of delivery in a replevin action, has authority to take into possession the property therein mentioned before delivering a copy of the order to the person charged with the unlawful detainer of the property, or leaving the copy at his usual place of residence.

### *Appeal from Chautauqua District Court.*

WILSON was charged with a violation of the provisions of § 165, ch. 31 of the General Statutes. Trial at the March Term, 1880, of the district court, when the defendant was convicted, and adjudged to pay a fine of $100 and costs. He appeals to this court. The facts are stated in the opinion.

*C. J. Peckham*, for appellant.

*J. D. McBrian*, for The State.

The opinion of the court was delivered by

HORTON, C. J.: John Wilson, defendant in the court below, was charged with a violation of the provisions of § 165, ch. 31 of the crimes act, in resisting and obstructing E. C. Jaquith, a deputy sheriff of the county of Chautauqua, while attempting to execute an order of replevin in that county. He was convicted, adjudged to pay a fine of $100 and all costs. He now appeals to this court. The main allegations of error relied upon to reverse the judgment are—First,

that the district court erred in not finding the purported order of replevin introduced in evidence was void upon its face, and insufficient to protect the officer; second, that the court erred in not finding the service of the order of replevin insufficient upon the evidence.

The imperfection alleged in the writ was the absence of any statement in the body of the order, of the court in which the action was brought. It appears from the writ that it was duly addressed to the sheriff of Chautauqua county; it stated the names of the parties to the action; commanded the sheriff to seize the property described in the writ and deliver it to the plaintiff; and also to make return of the order on the 21st of November, 1879. It was attested as follows: "In witness whereof, I have hereunto signed my name and affixed the seal of said court, at my office in Sedan, in said county, this 13th day of November, A. D. 1879.—T. N. KING, Clerk of the District Court;" and was authenticated by the official seal of the district court of Chautauqua county.

The omission referred to was not fatal, and at most can be regarded only as an irregularity. The writ showed that it issued out of the district court of Chautauqua county, and cannot be held void. Counsel contends that even if the omission stated failed to vitiate the order of delivery, that the officer was guilty of attempting unlawful and unauthorized acts, in breaking into defendant's inclosure, and using force to obtain the cattle described in the writ without having first made due service of it on defendant.

Section 181 of the code provides:

"The sheriff shall execute the order by taking the property therein mentioned. He shall also deliver a copy of the order to the person charged with the unlawful detainer of the property, or leave such a copy at his usual place of residence."

Section 187 further provides:

"The sheriff, or other officer, in the execution of the order of delivery, may break open any building or inclosure in which the property claimed, or any part thereof, is concealed, but not until he has been refused an entrance into said build-

ing or inclosure, and the delivery of the property, after having demanded the same."

The evidence discloses the following state of facts: That on the day charged in the complaint the defendant had in his inclosure, in a public place, certain cattle; that the entrance gate to the inclosure was secured by a chain around the gate and adjoining post, fastened by a lock; that the deputy sheriff, having in his hands for service the order heretofore mentioned, went to the defendant, exhibited to him the order, and orally demanded possession of said cattle; that defendant did not deliver the cattle upon the demand, but asked for time to consult his attorneys; that the officer thereupon went to defendant's inclosure, and, with an ax, broke the fence sufficiently to open the gate, and, proceeding into the inclosure, attempted to drive the cattle therefrom; that before he had succeeded in so doing, defendant came to the inclosure, closed the gate, and thus prevented the officer from driving out the cattle; that at the time of such occurrence, the officer had not delivered to defendant, or left at his usual place of residence, a copy of the order.

The statute certainly does not require the order of replevin to be served before the property can be taken, and the suggestion of the attempt to seize the property under the writ before service on the defendant, is without merit. The writ was exhibited to the defendant and the possession was demanded of him, and thereafter the officer had the legal right to break open the inclosure in which the property was kept, and take the same. If § 181 be construed literally, the officer would be required to execute the order in the first instance by taking the property into possession, and afterward delivering a copy. We suppose, however, that it is immaterial whether possession is taken before, or after the delivery of the copy.

The judgment of the district court will be affirmed.

All the Justices concurring.