LOUIS HAMBERGER & others *vs.* FRED H. SEAVEY.

Suffolk.　March 6, 1896. — April 1, 1896.

Present: FIELD, C. J., HOLMES, KNOWLTON, MORTON, & BARKER, JJ.

*Officer — Service of Replevin Writ — Giving of Bond — Action.*

If an officer, upon being requested by the plaintiff in a replevin writ to commence the service thereof by seizing and appraising the property described therein, the plaintiff offering to give him all reasonable directions and assistance in serving the writ, including an indemnity bond, and to give a replevin bond with sureties as soon as the appraisal is made, refuses to take any steps in regard to the service until the replevin bond has been given, and declines to take any indemnity bond, an action will lie against him for such refusal.

CONTRACT, or tort, against a deputy of the sheriff of Suffolk, for refusing to serve a replevin writ. Trial in the Superior Court, without a jury, before *Hammond,* J., who found for the plaintiffs, assessing nominal damages; and the defendant alleged exceptions. The facts appear in the opinion.

*Z. S. Arnold,* for the defendant.

*J. Prentiss,* for the plaintiffs.

KNOWLTON, J.　The defendant, a deputy sheriff, was requested by the plaintiffs to commence the service of a replevin writ by seizing and appraising the property described in the writ. The plaintiffs offered to give him all reasonable directions and assistance in serving the writ, including an indemnity bond, and to give a replevin bond with sureties as soon as the appraisal was made. The defendant refused to take any steps in regard to the service until the replevin bond had first been given, and declined to take any indemnity bond.

In this refusal he was plainly in error. The plaintiffs under the statute, were called upon to give the replevin bond only in double the value of the property, and, in the absence of an agreement of the parties, that value could not be ascertained without an appraisal made under the direction of the officer such as the statute provides for. Pub. Sts. c. 184, §§ 12, 14. The method of procedure is stated in *Wolcott* v. *Mead,* 12 Met. 516. The substance of this statement is repeated in the opinion in *Smith* v. *Whiting,* 97 Mass. 316, in these words: " Where a

writ of replevin is served, the officer first takes the property from the possession of the defendant, then has it appraised, and afterwards, but before he delivers it to the plaintiff in the action, he takes the replevin bond." See also *Case* v. *Pettee*, 5 Gray, 27 ; *Clark* v. *Connecticut River Railroad*, 6 Gray, 363. If there is reasonable doubt as to the ownership of the property, he may require sufficient security to indemnify him for taking it. This right to indemnity against claims of third persons is expressly given by statute when goods are taken on execution. Pub. Sts. c. 171, § 35.    But it existed at common law before the statute was enacted, and it may be invoked whenever an officer is called upon to attach or replevy goods to which the defendant's title is not clear. *Bond* v. *Ward*, 7 Mass. 123. *Suydam* v. *Huggeford*, 23 Pick. 465, 468. *Russell* v. *Walker*, 150 Mass. 531.

In the present case the plaintiffs offered the defendant a bond of indemnity, which was refused.    When there is no reason to doubt the defendant's ownership the statute gives the plaintiff a right to have his writ served if he is ready to give a bond in double the value of the property as soon as that value can be ascertained in the manner prescribed.    It is the duty of the officer, when the property described in the writ is pointed out to him, immediately to take it into his possession for the purpose of having it appraised and ready to be replevied as soon as the bond is given.    The writ gives him a right, as against the defendant, to take it and hold it a reasonable time for that purpose.    The plaintiff, upon the appraisal, is bound to furnish the bond promptly, for he knows when he sues out the writ that it cannot be served without the bond, and he can always approximate pretty nearly to the amount in which he will be required to furnish sureties.    These considerations are important in determining in any case how long the officer is bound to wait for the bond after making the appraisal.    The plaintiff would not be justified in suing out a writ of replevin without having made such arrangements in regard to furnishing sureties upon the bond as would give him good reason to believe that he could have the bond ready for delivery very soon after the appraisal. The short time for which the goods will necessarily be in the custody of the law before the service can be completed will not

usually be such as to cause the defendant appreciable damage if the plaintiff should be unsuccessful in securing sureties, and if the officer should be obliged to return the property without making the service.  This possibility of damage is one that the law makes necessarily incident to the proceedings, and is similar to the risk of loss which one may suffer from having his goods attached upon a suit which is not brought maliciously, but which the plaintiff fails to prosecute.  See *Lindsay* v. *Larned*, 17 Mass. 190; *O'Brien* v. *Barry*, 106 Mass. 300.

Of course, the officer may have his fees paid in advance if he desires, and may have indemnity against any incidental liability that may arise from any special action which he takes at the request of the plaintiff.                    *Exceptions overruled.*