BESSIE STEUER *vs.* ROBERT E. MAGUIRE.

Suffolk.   November 11, 1902. — February 25, 1903.

Present: KNOWLTON, C. J., MORTON, LATHROP, & HAMMOND, JJ.

*Replevin.   Judgment.*

An officer taking possession of goods on a writ of replevin has no right to keep them in the shop of the defendant in replevin for the purpose of having them appraised, but must remove them after a reasonable time for ascertaining which goods are covered by the writ.

The entry in an action of replevin of a judgment for the defendant with damages in the sum of $1, and judgment satisfied, does not affect the right of the defendant in replevin to recover from the officer who served the writ for wrongfully keeping the goods in the shop of the defendant in replevin after taking possession of them, the judgment being *res inter alios.*

TORT against a deputy sheriff for wrongfully entering the hat shop of the plaintiff and remaining there for twenty-four hours after being requested to leave, thereby greatly interfering with the plaintiff's business, with a count for the conversion of five hundred hats.   Writ dated April 17, 1899.

In the Superior Court *Pierce,* J. refused to rule that upon all the evidence the plaintiff was not entitled to recover, or to make certain other rulings requested by the defendant.

The jury returned a verdict for the plaintiff, and assessed damages in the sum of $200.   The defendant alleged exceptions.

*W. A. Knowlton,* (*S. Reinstein* with him,) for the defendant.

*M. H. Steuer,* for the plaintiff.

LATHROP, J.   The principal question in this case is whether an officer who has a writ of replevin to serve, may, after he has taken possession of the goods mentioned in the writ, keep them in the shop of the defendant where he found them until he can, using reasonable diligence, have them appraised, if the defendant objects to their being so kept.

Section 12 of c. 184 of the Pub. Sts., which were in force when the officer in this case acted, provides : " The officer, before serving the writ, shall take from the plaintiff, or from some one in his behalf, a bond to the defendant, with sufficient sureties in double the value of the goods to be replevied, and conditioned

like the bond hereinbefore described to be taken upon a writ of replevin for beasts distrained or impounded; and the officer shall proceed in the appraisement of the goods," etc. Section 4 of the same chapter provides: " The writ shall require that the bond shall be given in double the value of the beasts to be replevied, but shall not express the sum or amount for which it shall be given. When the parties do not agree as to the value of the beasts, such value shall be ascertained by three disinterested and discreet persons appointed and sworn by the officer, and the penalty of the bond shall be double the value ascertained by such persons or by any two of them."

It is obvious that the words in § 12, " The officer, before serving the writ, shall take from the plaintiff . . . a bond," are not to be taken literally. The duty of the officer is first to take the goods into his custody, then to have them appraised, and then, before delivering them to the plaintiff, to take the replevin bond. Therefore, in the R. L. c. 190, § 9, the language has been changed, in accordance with the suggestion of the commissioners for consolidating the Public Statutes, so as to read : " Before the officer serving the writ delivers the goods to the plaintiff, he shall take from the plaintiff . . . a bond," etc. See *Wolcott* v. *Mead*, 12 Met. 516 ; *Hamberger* v. *Seavey*, 165 Mass. 505.

We find no case in our reports which decides the precise question now before us. The defendant relies upon the language of the court in the cases last cited. Thus in *Wolcott* v. *Mead*, it was said : " The officer may commence the service of a writ of replevin before taking a bond from the plaintiff, doing only so much, however, as is necessary to effect an appraisement of the value, preparatory to taking the bond." But this was said in answer to the contention that under the Rev. Sts. c. 113, the officer could do nothing until the bond was given. So in *Hamberger* v. *Seavey*, where the same contention was made, the court said : " It is the duty of the officer, when the property described in the writ is pointed out to him, immediately to take it into his possession for the purpose of having it appraised and ready to be replevied as soon as the bond is given." The word " replevied " is here used in its technical sense, and means " delivered to the owner." See 8 Bac. Abr. (Bouv. ed.) 525.

We find nothing in the cases above referred to which war-

rants the inference that an officer serving a writ of replevin has a right to keep the goods, after he has taken possession of them, in the shop of the defendant, and against his consent, for the purpose of having them appraised. We are of opinion that an officer has a right to a reasonable time to ascertain which the goods are that his writ calls for, and to remove them, and that then his right to occupy the shop ceases.

The case is analogous to the rights of an officer in attaching goods, where the rule is well settled that an officer has no right to make use of the building of another to keep attached goods in, without the express or implied consent of the proprietor. *Rowley* v. *Rice*, 11 Met. 337. *Malcom* v. *Spoor*, 12 Met. 279, 280. *Boynton* v. *Warren*, 99 Mass. 172, 174. *Williams* v. *Powell*, 101 Mass. 467, 469. *Davis* v. *Stone*, 120 Mass. 228. *Cutter* v. *Howe*, 122 Mass. 541.

We are of opinion, therefore, that the defendant in this case had no right to keep the goods in the shop of the plaintiff, against her consent, until he could have them appraised, but should have removed them within a reasonable time.

The only other question in the case arises from the fact that it appeared in evidence that at some time the parties to the replevin suit settled it by an agreement, by the terms of which judgment was to be entered for the defendant in that action with damages in the sum of $1; and that judgment was entered accordingly, and the judgment was satisfied. The defendant in the case before us asked the judge to rule that the present action could not be maintained for the reason that any irregularity in the service of the writ of replevin must be taken advantage of in that suit, or it must be deemed to have been waived. The case of *O'Brien* v. *Barry*, 106 Mass. 300, on which the defendant relies, was an action brought by a husband and wife against a person who was the plaintiff in an action of replevin in which the husband was the defendant. The action was brought while the replevin suit was pending, and as the court considered it as in the nature of an action for malicious prosecution of the replevin suit, for the purpose of injuring the wife, the familiar rule was applied that it could not be maintained while that suit was pending. This was the only point decided. It is true that it was said by Mr. Justice Morton, in delivering

the opinion of the court: " Any irregularity in the service of the writ of replevin must be taken advantage of in that suit, or it must be deemed to have been waived." The case was decided in 1871, and the court regarded the action as if it had been brought by the husband alone, saying, immediately after the words above quoted: " The fact that this suit is for an injury to the wife does not take the case out of the operation of this rule. It is one of the incidents of the marriage relation, that the husband must join in such suit. It is substantially his suit; he can discharge it, and is entitled to the proceeds if judgment is recovered."

It is evident, therefore, that the court in that case regarded the two actions as between the same parties. In the case before us the judgment was not between the same parties. It is *res inter alios*, and cannot affect the right of the plaintiff to recover against the defendant, who was not a party to the suit in which the judgment was rendered.

*Exceptions overruled.*