WILLIAM T. ERSKINE *vs*. ANNIE VANNAH.

Lincoln.    Opinion December 14, 1915.

*Bond.    Duty of Officer.    Replevin.    Return.    Service.    Writ.*

This is an action of replevin involving the question of insufficient service of the writ, and comes before the court on an agreed statement of facts.

*Held:*

1.  The duty of the officer is defined in the writ or precept; that he should follow the commands of the writ in detail and in the order of their recital does not admit of question, for his safety, and the rights of litigants, require on his part certainty and precision as well as good faith.

2.  In this state a writ of replevin is sued out and indorsed, served and returned in the same manner as other original writs.

3.  That the plain duty of the officer requires him first to seize the property is well settled.    By virtue of the writ, the sheriff proceeds at once to take possession of the property therein described, and transfer it to the plaintiff, upon his giving pledges which are satisfactory to the sheriff to prove his title, or return the chattels taken if he fails to do so.

4.  Whether the defendant may feel disposed to deliver up the property or not is of no consequence to the officer; it is his imperative duty to seize the property if it may be found.

5.  The officer, in executing a writ of replevin, has authority to take into his possession the property therein mentioned before delivering a copy of the order to the person charged with the unlawful detainer of the property, or leaving the copy at his usual place of abode.

Reported on agreed statement of facts.    Action dismissed.

This is an action of replevin for a stove, which originated in Lincoln municipal court and reported to the Law Court on an agreed statement of facts.

226          ERSKINE *v.* VANNAH.          [114

The case is stated in the opinion.
*George A. Cowan,* for plaintiff.
*Weston M. Hilton,* for defendant.

SITTING: SAVAGE, C. J., SPEAR, KING, BIRD, HALEY, HANSON, JJ.

HANSON, J.   This is an action of replevin and comes before the court on an agreed statement of facts, as follows:

"In the above action it is agreed that the officer who served the writ of replevin, if present, would testify that he met the defendant's tenant on the street in Damariscotta in the afternoon of November 23, 1914, and told him he was coming up to replevy the stove in question; that the reason he told him was so he might let the fire go out; that on the same afternoon he served the alleged copy of the writ on the defendant; that on the next day he went to the house occupied by the defendant's tenant and took the stove; that he had never seen the stove nor been in the house where it was until the next day after the service of the alleged copy of the writ on the defendant.   It is agreed that the officer's return shall be regarded as amended in accordance with the above facts."

The officer's return on the writ contained the usual recitals as to taking a bond, replevying the stove and delivering the same to one H. R. Bisbee, as keeper for the plaintiff, and *on the same day* "I summoned the defendant for her appearance at court as within directed, by leaving at the place of her last and usual abode an attested copy of this writ."

The defendant seasonably filed a motion to dismiss the action, alleging insufficient service.   The above agreement followed, and no question of pleading is presented.   *Littlefield* v. *Kimball,* et al., 104 Maine, 126.

The plaintiff contends that there was a sufficient service of the writ; "that a writ of replevin is a writ of summons, and not of attachment, that the defendant was protected by his bond, and being in no way injured, renders this case in line with any replevin service," and cites *McKinstry* v. *Collins,* 74 Vermont, 147, in support of his contention.   In that case the plaintiff sued to recover damages for an alleged assault upon his wife.   The defendant justified as an officer serving a replevin writ.   At the close of the evidence, the

plaintiff claimed that the justification had not been made out, and requested the court to take the question from the jury, "for that, First, it did not appear that before the attempted service of the writ Sheriff Collins had taken such a bond from the plaintiff in the replevin suit as the statute requires; second, that defendant Collins completed service of the writ before seizing the colt and committing the assault, if one was committed, and that what was done after he completed his service he did without authority; third, that the testimony did not show that the writ and bond had been returned by defendant Collins to the clerk of court to which the writ was returnable. The request was refused and the plaintiff excepted. The court held "the facts tended to show that defendant had a bond to the defendant in the replevin suit when he served the writ, and that the writ and bond were returned to the clerk of the court to which the writ was returnable. The testimony of defendant Collins tended to show that while within the barn where the colt was kept he agreed with the plaintiff upon the value of the colt, made his returns on the original writ and copy, handed the copy to the defendant in the replevin suit, and delivered the colt to the plaintiff in the replevin suit. At the time Collins took the colt and turned it over to the plaintiff, *he had not returned the original writ;* and he could complete the service of it by taking and delivering the property as commanded in the writ, notwithstanding he had delivered a copy of the writ to the defendant named therein."

The service in the case at bar was made, and the writ returned, with no attempt to renew the service or amend the return, and therefore differs from the case cited in these important particulars. In this and similar cases it is the uniform practice, supported by unquestioned authority, for officers to renew service or perfect some detail of service before returning the writ. But having made the return, as in this case, there is no way provided by statute or recognized in our practice to cure that which we must hold to be a vital necessity in procedure in replevin suits. The duty of the officer is defined in the writ or precept; that he should follow the commands of the writ in detail and in the order of their recital does not admit of question, for his safety, and the rights of litigants, require on his part certainty and precision as well as good faith.

In this State a writ of replevin is sued out and indorsed, served and returned in the same manner as other original writs. R. S., Chap. 98, Sec. 2; Spaulding's Practice, 58. That the plain duty of the officer requires him first to seize the property is well settled. By virtue of the writ, the sheriff proceeds at once to take possession of the property therein described, and transfer it to the plaintiff, upon his giving pledges which are satisfactory to the sheriff to prove his title, or return the chattels taken if he fails to do so. Bouv. Law Dict., 884; Chitty, Pl., 145; *Hamburger* v. *Seavey,* 165 Mass., 505; *Steuer* v. *Maguire,* 182 Mass., 575; Words and Phrases, 6106; *Bettinson* v. *Lowry,* 86 Maine, 218.

The prime object of an action of replevin it to put the plaintiff in possession of the property; and when a writ is sued out and proper bond given, it is the first duty of the officer to seize the property, and then read the writ to the defendant if he can be found. It is not a compliance with his duty merely to read the writ to the defendant. Whether the defendant may feel disposed to deliver up the property or not is of no consequence to the officer; it is his imperative duty to seize the property if it may be found. Encyclopedia Pl. & Pr., Vol. 18, page 527, citing *People* v. *Wiltshire,* 9 Ill. App., 374; *Yott* v. *People,* 91 Ill., 11.

The officer, in executing a writ of replevin, has authority to take into his possession the property therein mentioned before delivering a copy of the order to the person charged with the unlawful detainer of the property, or leaving the copy at his usual place of abode. *State* v. *Wilson,* 24 Kan., 50; Vol. 18 Pl. and Pr., 527.

These authorities are in harmony with the practice and procedure in this State. The service being admittedly defective, and not capable of amendment or renewal, the entry will be,

*Action dismissed.*