EDWARD S. DANGEL *vs.* OFFSET PRINTING, INC. & another.

Middlesex.    February 8, 1961. — March 3, 1961.

Present: WILKINS, C.J., WHITTEMORE, CUTTER, KIRK, & SPIEGEL, JJ.

*Malicious Prosecution.*

A demurrer in an action to a declaration which was construed as one for malicious prosecution of an earlier action but which did not contain the essential allegation that the earlier action had terminated in the plaintiff's favor was properly sustained on the ground that the declaration failed to state concisely and with substantial certainty the substantive facts necessary to constitute a cause of action.

TORT.    Writ in the Superior Court dated December 28, 1959.

Demurrers were sustained by *Bolster, J.*

*Edward M. Dangel,* for the plaintiff.

*Edward F. Novick,* for the defendants.

WILKINS, C.J.    In this action of tort, demurrers to the declaration were sustained, and the plaintiff appealed. There were two substantially similar counts. It will be sufficient to consider merely the first count, which alleged that the defendant "well knowing that it had no claim against the plaintiff personally, nevertheless maliciously and without probable cause sued out a writ on October 7, 1959, against the plaintiff and on that writ, wrongfully attached the goods, effects and credits of the plaintiff and wrongfully used said legal process to deprive the plaintiff of the said goods, effects and credits and to injure the plaintiff's good reputation, standing and financial credit. Wherefore the plaintiff was greatly humiliated, suffered mental distress, was put to great expense and trouble in defending said unfounded action and also in prosecuting this present action, all to his great damage."

We construe the declaration as one for the malicious prosecution of a civil action.    *O'Brien v. Barry,* 106 Mass.

300, 303–304. *Hamilburgh* v. *Shepard,* 119 Mass. 30, 33. The plaintiff must, therefore, allege and prove that the earlier action has terminated in his favor. *Id. Rosenblum* v. *Ginis,* 297 Mass. 493, 497. Cases for malicious abuse of process, holding that such favorable termination need not be shown, are not in point. *Zinn* v. *Rice,* 154 Mass. 1, 3–4. See *Swartz* v. *Brockton Sav. Bank,* 318 Mass. 66, 68. In an action for malicious abuse of process, lack of probable cause and knowledge of the groundlessness of the action are not essential. *Swartz* v. *Brockton Sav. Bank, supra.* Prosser, Torts (2d ed.) § 100. The plaintiff has so thoroughly charged his declaration with such allegations that it is bad on demurrer where one of the grounds is that the declaration fails to state concisely and with substantial certainty the substantive facts necessary to constitute a cause of action. *Jacobs* v. *Mann,* 300 Mass. 258, 259–260. G. L. (Ter. Ed.) c. 231, § 7, Second.

*Orders sustaining demurrers affirmed.*