James D. SULLIVAN, Plaintiff, Appellant,

v.

T. Francis KELLEHER, Defendant, Appellee.

No. 7183.

United States Court of Appeals First Circuit.

Dec. 24, 1968.

Harvey Glass, West Peabody, Mass., for appellant.

Benjamin Goldman, Boston, Mass., for appellee.

Before ALDRICH, Chief Judge, WOODBURY,* Senior Circuit Judge, and COFFIN, Circuit Judge.

PER CURIAM.

The appellant, alleging himself to be a "resident and domiciliary" of New Jersey, brought this action sounding in tort in the court below against the appellee alleging him to be a citizen of Massachusetts and formerly clerk of the District Court of Newburyport in that Commonwealth. Federal jurisdiction is asserted on diversity of citizenship and amount in controversy, Title 28 U.S.C. § 1332(a) (1), and on deprivation of a federally guaranteed right in violation

1.  "In all courts of the United States, the parties may plead and conduct their own cases personally or by counsel."

* Sitting by Designation.

of § 1 of the Civil Rights Act of 1871, 17 Stat. 13, now 42 U.S.C. § 1983.

The plaintiff seeks damages from the defendant basically on the ground that the court of which at the time he was clerk entered a default judgment evicting the plaintiff from his rented residence in Newburyport without giving him legal notice of the action, that is to say, by service of process at the "last and usual place of abode" without any further notice although it was well known that at the time the plaintiff was away from his home on an extended business trip to Florida.[1] The court below dismissed the plaintiff's complaint on the defendant's motion for summary judgment. We affirm.

We do not pause to consider the adequacy of the service of process or any other alleged error committed by the defendant as clerk of the Newburyport District Court but pass directly to the matter of judicial immunity.

 For the soundest reasons of policy it has long been established that when a judge has general jurisdiction over the subject matter he is not civilly liable for acts done in the exercise of his judicial function. Bradley v. Fisher, 13 Wall 335, 346 et seq., 20 L.Ed. 646 (1871). But this does not mean that judicial immunity hangs upon the determination of nice questions of jurisdiction which as the Court pointed out in Bradley v. Fisher, at page 352 can be "some of the most difficult and embarrassing" that a judicial officer may be called upon to consider and decide. The distinction which must be observed is "between excess of jurisdiction and the clear absence of all jurisdiction over the subject-matter." Bradley v. Fisher, supra 351.

 Since the plaintiff concedes that the Newburyport District Court had general jurisdiction over the subject matter of the action brought in that court to evict him from his home, and

since the immunity accorded to judges "extends to other officers of government whose duties are related to the judicial process," Barr v. Matteo, 360 U.S. 564, 569, 79 S.Ct. 1335, 1338, 3 L.Ed.2d 1434 (1959), it follows that the defendant cannot be held personally liable for any defects in service of process, if indeed there were such defects. The inclusion of opprobrious epithets, such as alleging that the judicial officer acted maliciously or corruptly, adds nothing of legal consequence to the complaint, Bradley v. Fisher, supra 13 Wall 351, reaffirmed, Pierson v. Ray, 386 U.S. 547, 554, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967), wherein the Court held that the settled common law principle of judicial immunity was not abolished by § 1 of the Civil Rights Act of 1871, 42 U.S.C. § 1983.

The judgment of the District Court is affirmed.

---

1. The plaintiff does not dispute that at the time the rented house in Newburyport was his "last and usual place of abode" or that his wife and children were then in residence, and he concedes that his wife notified him over the telephone of the process served at the abode.