James D. SULLIVAN, Plaintiff, Appellant,

v.

Edward J. CHOQUETTE, Jonathan G. Wells III, Harvey Beit

and

T. Francis Kelleher, Defendants, Appellees.

No. 7404.

United States Court of Appeals First Circuit.

Dec. 30, 1969.

James D. Sullivan, pro se.

Benjamin Goldman, Boston, Mass., for Edward J. Choquette and others, appellees.

David S. Mortensen, Boston, Mass., with whom John Kimball, Jr., and Hale & Dorr, Boston, Mass., were on brief, for Jonathan G. Wells, and others, appellees.

Before ALDRICH, Chief Judge, McENTEE and COFFIN, Circuit Judges.

PER CURIAM.

This is an action for malicious prosecution, abuse of process and for relief from a judgment of eviction of the Newburyport District Court of Massachusetts.[1] Our jurisdiction is invoked under

---

1. This litigation has had a long history in the federal courts. Plaintiff first sued defendant Kelleher for damages for an alleged deprivation of his constitutional rights in that Kelleher, as clerk of the state court, entered a default judgment against him in the eviction action with knowledge that legal notice of the suit had not been given. That action was dismissed by the district court on grounds of judicial immunity and we affirmed. Sullivan v. Kelleher, 405 F.2d 486 (1st Cir. 1968). He next brought suit for breach of the lease of the premises from which he was evicted, abuse of process, and slander against defendants Choquette and Wells and one Jean MacDonald. The district court granted summary judgment for the defendants on all three counts. Sullivan v. Choquette, 289 F.Supp. 780 (D.Mass.1968), appeal dismissed for want of prosecution, No. 7253 (1st Cir., Feb. 21, 1969) [hereinafter cited as Sullivan I].

To the extent that this action states a claim for abuse of process, the district court was correct in dismissing it. Such a claim is plainly concluded by the decision in Sullivan I as well as barred by the statute of limitations. Moreover,

the civil rights provisions, 28 U.S.C. § 1343 (1964) and 42 U.S.C. §§ 1983, 1985 (1964), and the diversity statute, 28 U.S.C. § 1332 (1964). Plaintiff appeals from the dismissal of his complaint by the district court, for, inter alia, failure to state a claim upon which relief can be granted. The essential facts are set out in the district court's opinion in *Sullivan I, supra,* note 1.

■■ It is plain that an action for malicious prosecution will not lie unless there has been a termination of the prior proceedings in a manner favorable to the plaintiff. Dangel v. Offset Printing, Inc., 342 Mass. 170, 172 N.E.2d 610 (1961); W. Prosser, Torts §§ 113–14 (3d ed. 1964). As the judgment of eviction rendered by the state court still stands, plaintiff has no cause of action unless relief is granted against that judgment. Hence, we proceed to consider that aspect of the case.

■■ Plaintiff claims that service of process in the eviction action was constitutionally defective, that the state court therefore did not have jurisdiction, and that we should grant a "writ of error" to the state court, reversing or vacating the judgment. While we do not have the power to "annul, vacate, correct or otherwise alter the prior judgment" of a state court, we do have equitable jurisdiction to grant relief from the effects of such a judgment in an appropriate case.[2] 7 J. Moore, Federal Practice ¶ 60.36 (2d ed. 1968). This is not, however, such a case.

■■ Service of process in the state case was made by leaving the writ at the demised premises in accordance with Mass.G.L.A. ch. 223, § 31. Plaintiff received actual notice of service from his wife, who informed him of the contents of the writ over the telephone. In actions concerning rights in property within the state, due process requires only that reasonable notice and an opportunity to be heard be afforded. Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950); F. James, Civil Procedure §§ 12.1, 12.7, 12.11 (1965); Restatement of Judgments § 32, comments a, f, and g (1942); *see* Wagner v. Wagner, 110 U. S.App.D.C. 345, 293 F.2d 533 (1961); Schultz v. Walker, 130 F.2d 907 (7th Cir. 1942). While some commentators have expressed doubts as to the constitutionality of service made by simply leaving process at the last and usual place of abode, the doubts have concerned the likelihood of the defendant not receiving actual notice of the action. James, *supra* § 12.11, at 650–51. Since plaintiff in this case had actual notice, we find no defect in the service of process. The district court was therefore correct in dismissing this aspect of the complaint for failure to state a claim and, since there has not been a favorable termination of the state eviction proceeding, the court was also correct in dismissing the malicious prosecution count.

Affirmed.

the dismissal of the complaint as to defendant Kelleher was clearly proper, as his immunity from suit was conclusively determined by our decision in *Kelleher, supra.*

2. Equitable relief against the state judgment, under some circumstances, could arguably constitute a favorable termination of the prior suit for purposes of bringing an action for malicious prosecution. Since we do not grant relief against the state judgment, however, we express no opinion on the merits of this issue.