**Malcolm EMORY**

v.

**Vincent LOGAN and the City of Boston.**

**Civ. A. No. 90–12081–Z.**

United States District Court,
D. Massachusetts.

Sept. 18, 1992.

---

**900**

Lisa Stern Taylor, John S. Legasey, Ardiff & Morse, Danvers, Mass., for plaintiff.

Gerard A. Pugsley, William J. Walsh, Asst. Corp. Counsel, Boston, Mass., for defendants.

**MEMORANDUM OF DECISION**

ZOBEL, District Judge.

This action stems from events surrounding a student demonstration against the Vietnam War in early 1970. Plaintiff Malcolm Emory was arrested at that protest and subsequently convicted by a jury on the charge of assault and battery on a police officer. More than twenty years later, Emory filed this action in five counts alleging malicious prosecution, assault and battery, and violations of both state and federal civil rights laws.[1] Both defendants now move for summary judgment on all counts.

The facts of this unusual case are as follows. On January 29, 1970, plaintiff was a student at Northeastern University in Boston, Massachusetts. Upon leaving the library that evening, he came upon a large crowd demonstrating against the Vietnam War which had gathered in the university quadrangle. While plaintiff was observing the goings on, the police charged the crowd to break up the demonstration. According to Emory, defendant Vincent Logan, a police officer for the City of Boston, struck him with a service baton on the side of his head without any provocation. Then, Emory alleges, Logan announced that he was arresting plaintiff for spitting at him, and with that, hit plaintiff again with the baton, causing him to fall to the ground, all the while clutching his books under his arm. While being detained in a Northeastern University building, plaintiff was assaulted several more times by the police.

After being treated for his injuries, Emory was arrested and charged with assault and battery with a dangerous weapon on a police officer. At a jury trial, held in May 1970, Logan testified that plaintiff, armed with a brick in one hand and a piece of concrete in the other, had thrown the brick at him hitting him in the chest and that he struck Emory with his service baton only in an effort to disarm him. Logan denied seeing any books in plaintiff's arms at any time. Emory was ultimately found guilty and sentenced to six months incarceration,

---

1. Specifically, Count I (against defendant Logan) alleges malicious prosecution; Count II (against defendant Logan), violations of 42 U.S.C. § 1983 (1988); Count III (against defendant City of Boston), violations of § 1983; Count IV (against defendant Logan), violations of Mass.Gen.L. ch. 12, § 11H (1990); and Count V (against defendant Logan), assault and battery.

suspended, and three years probation.[2]

As a result of the conviction, plaintiff lost his job with the United States Naval Underwater Sound Laboratory[3] and his security clearance. Additionally, he lost his scholarship at Northeastern and was unable to complete his studies. Since that time, plaintiff has been trained and employed primarily as a welder.

In 1984 or 1985, while at the Boston Public Library during a visit to Boston, Emory looked at microfiche of the front page of *The Boston Globe* from January 30, 1970. He was surprised to find himself in a picture next to the story on the demonstration. He contacted the Boston Globe offices and learned that there were more photographs of the event. On January 5, 1989 plaintiff viewed them and discovered a photograph of himself, laying on the ground with his books clutched under his arm.[4] With this new evidence in hand, Emory promptly filed a motion for a new trial in state court. That motion was allowed on April 6, 1990, and on May 24, 1990 the Suffolk County District Attorney's office entered a *nolle prosequi* of his case.

Plaintiff filed the present five-count action on July 27, 1990, of which only four counts remain.[5] Defendants now move for summary judgment, arguing (1) that the statute of limitations bars the action; (2) that defendant Logan is entitled to qualified immunity on the civil rights claim of Count II; (3) that plaintiff failed to set forth specific allegations of injury caused by an official policy or custom of the municipality in Count III; and (4) that laches should bar plaintiff's § 1983 claims in Counts II and III. Because the statute of limitations bars plaintiff's action on all but Count I, I do not reach defendant's other arguments which address only Counts II and III.

*Malicious Prosecution* (Count I)

Defendants assert generally that plaintiff's action, presumably including Count I, is barred by the statute of limitations.[6] Defendant Logan, however, makes no arguments specific to Count I regarding the statute of limitations defense, or any other issue. In any event, I find that the statute of limitations has not run on Count I as the action was filed within three years after the *nolle prosequi* was filed.[7] *See Torres v. Superintendent of Police of Puerto Rico,* 893 F.2d 404, 408 n. 4 (1st Cir.1990) (statute of limitations for malicious prosecution claim under § 1983 began

---

2. Plaintiff moved for a new trial on the grounds that the verdict was against the weight of the evidence, which was denied by the Superior Court. He then appealed this denial to the Supreme Judicial Court, which, in turn, affirmed the Superior Court's decision. *Commonwealth v. Emery* [sic], 358 Mass. 815, 266 N.E.2d 871 (1971).

3. According to plaintiff, this was due to the fact that those convicted of a felony during a civil disturbance are precluded from employment with the United States Government under 5 U.S.C. § 1713 (1988).

4. Plaintiff claims that the delay in viewing the other photographs at the Boston Globe offices had to do with legal impediments, not lack of diligence on his part.

5. On November 11, 1990, this Court allowed defendant Logan's motion to dismiss Count V. Additionally, this Court allowed motions to dismiss with respect to the claims of malicious prosecution and excessive force under Counts II and IV, and First Amendment violations under Count IV.

6. The parties do not dispute that the appropriate statute of limitations for all counts is Mass. Gen.L. ch. 260, § 2A (1990), governing tort actions. *See Wilson v. Garcia,* 471 U.S. 261, 268, 105 S.Ct. 1938, 1942, 85 L.Ed.2d 254 (1985) (courts hearing actions under § 1983 should apply the state statute of limitations most appropriate to that claim). I do note that although the defendant cites three years as the appropriate limitations period, Mass.Gen.L. ch. 260, § 2A was amended in 1973 to extend the limitations period from two to three years, but any cause of action accruing prior to January 1, 1974, is still governed by the former two-year provision. *See* Mass.Gen.Laws Ann. ch. 260, § 2A (West Supp.1992); *Kadar Corp. v. Milbury,* 549 F.2d 230, 234 n. 3 (1st Cir.1977).

7. There is no dispute that the *nolle prosequi* filed in this case constitutes a "favorable termination" for purposes of the malicious prosecution claim. *See Wynne v. Rosen,* 391 Mass. 797, 464 N.E.2d 1348, 1351 (1984) (criminal prosecution is terminated in favor of plaintiff when a *nolle prosequi* is filed, provided, however, that the reasons stated for the *nolle prosequi* are consistent with the innocence of the accused).

to run after plaintiffs exonerated of all criminal charges); *see also Dangel v. Offset Printing, Inc.*, 342 Mass. 170, 172 N.E.2d 610, 611 (1961).

*Section 1983* (Counts II and III)

 The statute of limitations begins to run on a § 1983 action when plaintiff "knows or has reason to know of the injury which is the basis of the action." *Torres*, 893 F.2d at 407. Therefore, unless some mechanism operates to toll the statute of limitations, an action commenced more than two years after plaintiff had knowledge of the cause of action is time-barred. *See Board of Regents v. Tomanio*, 446 U.S. 478, 483–86, 100 S.Ct. 1790, 1794–96, 64 L.Ed.2d 440 (1980). Plaintiff makes three arguments as to why the applicable statute of limitations should not bar his action commenced approximately twenty years after the incidents giving rise thereto.

First, relying on *Bell v. City of Milwaukee*, 746 F.2d 1205 (7th Cir.1984), plaintiff argues that defendants should be equitably estopped from raising the statute of limitations defense. Plaintiff's reliance on *Bell*, however, is misplaced. In *Bell*, the Seventh Circuit held that the defendants were equitably estopped from arguing that the statute of limitations barred a civil rights action brought in 1979 by the family of Daniel Bell, a man who was killed by police in 1958. The Court reasoned that the action should be allowed to proceed as the family of the victim had no means to learn the circumstances surrounding the killing until one of the officers involved recanted his version of the events in 1978 and revealed a conspiracy in the police department to cover up wrongful acts of one of its officers. *Id.* at 1231. Unlike the Bell family, who were not in a position to learn facts which were elaborately concealed and

distorted by the defendants, Emory had *actual* knowledge of all the facts giving rise to his injury, even though he may have lacked the necessary evidence to corroborate his version of the events.[8] Therefore, *Bell* is inapplicable and defendants are not equitably estopped from asserting the statute of limitations defense.

Next, plaintiff argues that the doctrine of fraudulent concealment should serve to toll the statute of limitations. Under the Massachusetts fraudulent concealment statute, Mass.Gen.L. ch. 260, § 12 (1990), a statute of limitations is not tolled unless the defendant conceals the existence of a cause of action by an affirmative act, done with intent to deceive.[9] *White v. Peabody Constr. Co.*, 386 Mass. 121, 434 N.E.2d 1015, 1022 (1982) (" '[A] cause of action is not concealed from one who has knowledge of the facts that create it.' " (quoting *Stetson v. French*, 321 Mass. 195, 72 N.E.2d 410, 412 (1947))). As noted earlier, Emory had actual knowledge of all the facts giving rise to his cause of action. There could be no fraudulent concealment because there were no facts unknown to plaintiff that could have been concealed from him. The fact that defendant Logan may have given perjurious testimony about the evening of January 29, 1970, or that plaintiff had no other evidence to corroborate his story, does nothing to alter this conclusion.

 Finally, plaintiff argues that because he would have been collaterally estopped from bringing his § 1983 action until his *nolle prosequi* was filed, he is not time-barred. Even assuming, without deciding, that plaintiff's criminal conviction would have precluded him from challenging the unlawfulness of the arrest in a subsequent civil rights action, the fact of such estoppel does not operate to toll the statute of limitations for the § 1983 action. *See Lafferty v. Nickel*, 663 P.2d 168, 171 (Wyo.

---

8. Furthermore, the *Bell* court took efforts to distinguish its case from *Sandutch v. Muroski*, 684 F.2d 252 (3d Cir.1982) (plaintiff's civil rights action barred by statute of limitations), on the grounds that the *Sandutch* plaintiff had actual knowledge of the facts. *Bell*, 746 F.2d at 1231 n. 26.

9. Mass.Gen.L. ch. 260, § 12 provides:

If a person liable to a personal action fraudulently conceals the cause of such action from the person entitled to bring it, the period prior to the discovery of his cause of action by the person so entitled shall be excluded in determining the time limited for the commencement of the action.

1983); *see also Singleton v. City of New York,* 632 F.2d 185, 193 (2d Cir.1980), *cert. denied,* 450 U.S. 920, 101 S.Ct. 1368, 67 L.Ed.2d 347 (1981).

As the statute of limitations has run on Emory's § 1983 claims, summary judgment for the defendants is allowed on Counts II and III. In addition, because the analysis of the statute of limitations defense is similar for a claim asserted under the Massachusetts civil rights statute, Mass.Gen.L. ch. 12, § 11H (1990), summary judgment for the defendants is also allowed on Count IV. *See Flynn v. Associated Press,* 401 Mass. 776, 519 N.E.2d 1304, 1307 (Mass. 1988).

The motion is denied as to Count I.