Turageon v. Goodnow                    CV-95-054-L    07/11/95

**THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**


Paul E. Turgeon


   v.                                    #C-95-054-L

Donald E. Goodnow, et al.


**ORDER ON MOTION TO DISMISS FOR FAILURE TO STATE A CAUSE
OF ACTION AGAINST THE DEFENDANT DONALD GOODNOW**


The defendant Donald Goodnow, by and through his attorneys, the Office of the Attorney General, files this motion (Doc. 10) requesting that plaintiff's complaint be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).  For the reasons set forth below, the court grants defendant's motion to dismiss.


BACKGROUND

The plaintiff was incarcerated on May 14, 1992 in the New Hampshire State Prison, for a minimum period of three and one half years, up to a maximum period of seven years.  The plaintiff, appearing pro se, filed his complaint on January 31, 1995 under Title 42 U.S.C. § 1983, alleging that his First, Fifth, and Fourteenth Amendments under the United States Constitution were violated.  Additionally, the plaintiff alleges violation of his rights under the New Hampshire Constitution, Part 1, Articles 14,

15, and 23.

The plaintiff's suit arises out of the alleged refusal of the Clerk of the Strafford County Superior Court to schedule a hearing on the plaintiff's motion to suspend the balance of his minimum sentence. The plaintiff alleges that according to New Hampshire law, he had the right to a sentence reduction hearing every two years. The plaintiff brought suit against: 1) Donald Goodnow in his individual capacity; 2) Donald Goodnow in his official capacity as Clerk of the Strafford County Superior Court; and 3) the County of Strafford, New Hampshire.

On May 18, 1995, the defendant Strafford County filed a motion to dismiss for failure to state a cause of action due to the fact that the Clerk of the Strafford County Superior County is an employee of the State of New Hampshire, rather than an employee of Strafford County. By order dated June 1, 1995, this court dismissed Strafford County as a party to the action.

On June 1, 1995, the defendant Goodnow, filed an Assented-To Motion to Dismiss. Apparently, there was a miscommunication between Assistant Attorney General Christopher Reid and the plaintiff regarding consent to the motion. On June 2, 1995, the court received a "Clarification" from the plaintiff, in which he stated that he had misunderstood Attorney Reid's telephone call and he withdrew his consent. See Doc. 11. The plaintiff filed an

2

objection to the defendant's motion to dismiss on June 13, 1995.

DISCUSSION

For the sake of providing guidance for the plaintiff, the court feels compelled to note the difference between suits brought against a person in his or her individual capacity and those brought against a person in his or her official capacity. Individual capacity suits, also known as personal capacity suits, seek to impose personal liability upon a government official for actions taken under color of state law. Kentucky v. Graham, 473 U.S. 159, 165 (1985). Comparatively, official capacity suits seek to impose liability upon the government entity itself. Id. at 166. Therefore, in situations where the official is named as a party in an official capacity suit, it is the government entity of which the official is an agent that is the real party in interest. Id. Thus, an award of damages against an official in his or her individual capacity can be executed only against the official's personal assets, while an award of damages in an official capacity suit must be satisfied by the government entity. Id. Defenses available to an official in a personal capacity action include personal immunity defenses. Id. Contrastingly, in official capacity actions, the only defenses that apply are forms of sovereign immunity, such as the Eleventh Amendment. Id. at 167.

3

With the above principles in mind, the court reiterates that the plaintiff's two remaining claims are an individual capacity suit against Goodnow, and a claim against Goodnow in his official capacity, which is in effect a claim against the State of New Hampshire.

The defendant asserts the following grounds for dismissal. First, the defendant contends that, in his official capacity, 1) he is entitled to sovereign immunity under the Eleventh Amendment to the United States Constitution; and 2) he is not a "person" as defined in 42 U.S.C. § 1983. Second, the defendant claims that in his individual capacity, he is a judicial officer and as such is entitled to absolute immunity for actions performed within the scope of his duties.

## I. OFFICIAL CAPACITY SUIT

Regarding plaintiff's claim against Goodnow in his official capacity, the Eleventh Amendment of the United States Constitution provides that:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

While the Eleventh Amendment does not apply in state courts,

4

_Maine v. Thiboutot_, 448 U.S. 1, 9, n.7 (1980), the amendment provides immunity to States from suits in federal court. _Hafer v. Melo_, 502 U.S. 21, 30 (1991). Essentially, a State cannot be sued in federal court unless 1) the State consents, or 2) Congress abrogates the state's Eleventh Amendment immunity. _Welch v. Texas Dept. of Highways and Public Transp._, 483 U.S. 468, 486-87 (1987).

In the case at bar, the State of New Hampshire has not consented to suit in this court. Additionally, it is well settled that Congress did not intend to abrogate the state's Eleventh Amendment immunity by passing 42 U.S.C. § 1983, the cause of action in this case. _Will v. Michigan Dept. of State Police_, 491 U.S. 58, 65-66 (1989); _Quern v. Jordan_, 440 U.S. 332 (1979). Therefore, plaintiff's claims against Goodnow, as a state official in his official capacity, must be dismissed pursuant to the doctrine of sovereign immunity.

Notwithstanding the impact on plaintiff's action by the Eleventh Amendment, the defendant, in his official capacity, is also shielded from liability in 42 U.S.C. § 1983 actions. Succinctly, 42 U.S.C § 1983 provides, in relevant part:

> Every _person_ who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . . (emphasis added).

5

Moreover, in <u>Will v. Michigan Dept. of State Police</u>, 491 U.S. 58, 71 (1989), the Supreme Court held that both a State and its officials "acting in their official capacities" are outside the class of "persons" subject to liability under § 1983.  For this reason as well, the court dismisses the suit against Goodnow in his official capacity as Clerk of the Strafford County Superior Court.

II.  INDIVIDUAL CAPACITY SUIT

With respect to plaintiff's claim against Goodnow in his individual capacity, the defendant contends that he is a judicial official (i.e. Clerk of the Strafford County Superior Court), and as such, he is entitled to absolute immunity for all those actions performed within the scope of his official duties.

As a threshold consideration, the law is apodictic that judges are immune from suit.  <u>Pierson v. Ray</u>, 386 U.S. 547, 87 S. Ct. 1213, 18 L.Ed.2d 288 (1967).  The policy reason for this absolute immunity is clear: a judge should be able to perform his or her duties without being afraid of personal consequences.  This veil of immunity from suit will only be pierced in situations where a judge does not have jurisdiction over the subject matter.  <u>Thompson v. Sanborn</u>, 568 F. Supp. 385, 391 (D.N.H. 1983)(citing <u>Bradley v. Fisher</u>, 13 Wall 335, 351, 20 L.Ed. 646 (1872).

Similarly, judicial immunity also applies to "other officers

6

of government whose duties are related to the judicial process." Barr v. Matteo, 360 U.S. 564, 569 (1959). Judicial officials include court clerks, Slotnick v. Garfinkle, 632 F.2d 163, 166 (1st Cir. 1980), parole board and probation officers, Sullivan v. Kelleher, 405 F.2d 486 (1st Cir. 1968), court appointed medical examiners, Burkes v. Callion, 433 F.2d 318 (9th Cir. 1970), and court reporters, Stewart v. Minnick, 409 F.2d 826 (9th Cir. 1969). Immunity is extended to auxiliary judicial personnel due to the "danger that disappointed litigants . . . will vent their wrath on [them]." Scruggs v. Moellering, 870 F.2d 376, 377 (7th Cir. 1989).

It is axiomatic that when a court clerk carries out the orders of a judge, absolute immunity will apply. See, e.g., Kincaid v. Vail, 969 F.2d 594, 601 (7th Cir. 1992)(holding that clerks who returned inmates' complaints and filing fees and directed them to file in small claims court were immune because their actions were performed at judicial direction); Slotnick v. Garfinkle, 632 F.2d at 166 (holding that court clerk who filled out commitment papers was immune because he was acting under the official directive of a judge).

Notably, the case at bar does not involve a situation in which a court clerk acted under the directive of a judge. The question that remains, therefore, is whether the defendant is entitled to judicial immunity in his duties of scheduling hearings. This court

7

holds that defendant is so entitled.

Fundamentally, defendant is entitled to immunity for tasks, like those performed in the instant case, which form an integral part of the judicial process. <u>Mullis v. United States Bankruptcy Court</u>, 828 F.2d 1385, 1390 (9th Cir. 1987) (holding that court clerks have absolute judicial immunity from damages for civil rights violations when "they perform tasks that are an integral part of the judicial process.")  Therefore, the claim against the defendant in his individual capacity is dismissed.

CONCLUSION

For the aforementioned reasons, defendant Donald Goodnow's motion to dismiss (Doc. 10) is granted.

July 11, 1995

                       _____
                       Martin F. Loughlin
                       Senior Judge

Paul E. Turgeon
Chris Reid, Esq.
 Office of the Attorney General

8